CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The testimony shows that Wood’s object in making the purchase from Matthey was to secure a house free from dampness. The cii’cumstances establish that he relied wholly upon the representations of Matthey, and it is clear under all the proof that these representations were not true. Under the peculiar circumstances of this case we entertain no doubt that equity ought to decree a rescission of. the contract of purchase.
But appellant insists that the answer and cross-petition are not good because Wood fails to aver specifically that Matthey knew when he made the representations that they were untrue. He does aver that the appellant “falsely and fraudulently represented the house to be perfectly dry and free from dampness.” The proof shows that Matthey must necessarily have known what the condition of the house was, and we are asked to reverse a correct judgment because the pleadings of the successful party are at the most but technically defective.
But we are not satisfied that they are defective. The contract of sale remains executory. The party who made the untrue representations is in court asking the chancellor not only to assist him with a judgment in personam against the person whom he either purposely or innocently deceived, but *295 asking also that his lien shall be enforced and the contract to that extent specifically executed. His demand is certainly inequitable, and to the extent that he seeks equitable relief he is asking a court of conscience to aid him in securing the advantages of an unconscientious bargain.
While in cases of executed contracts the general rule is that to obtain rescission the party complaining must allege and prove a distinct case of fraud, where fraud is the ground relied on for relief, yet in cases of executory contracts equity will not assist a party who has, even by innocent misrepresentations, induced the other party to act. (Story’s Equity, page 749.)
In the case of Torrance v. Bolton (8 Chancery Appeals, p. 118) an executory contract was rescinded because it was unconscientious, and because the complainant had been induced to enter into it by representations which, though not actually fraudulent, were untrue.
We do not regard the supposed defect in the pleadings as at all material, and must decline to reverse on that ground.
Judgment affirmed.