CASE 36.—ACTION BY PETER NACHAND V. CUMBERLAND
        TELEPHONE & TELEGRAPH CO. FOR TRIMMING
        TREES ON HIS LAND.—June 10, 1909.

## Nachand v. Cumberland Tel. & Tel. Co.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Third Division).

J. M. CHATTERSON, Special Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1.  Telegraphs and Telephones—Construction—Trimming Trees—
    License Contract.—A written contract, by which plaintiff in
    consideration of $5 granted to defendant company the right
    to erect, maintain and operate a line of poles and wires, and
    to do necessary trimming of trees to clean wires 18 inches
    on the line of plaintiff's property in J. county, Ky., and on the
    road between Lakeland, Ky., and St. Mathews, contained a
    sufficient description of the lands to which it related, and
    authorized defendant to do the necessary trimming of trees
    to clean its wires 18 inches along and on all the   plaintiff's
    property located in J. county and on the road described, without reference to whether the lands were occupied by plaintiff or others.
2.  Telegraphs and Telephones—Line Construction—Contracts.—
    ·Where a landowner's contract with a telephone company authorized it to trim trees interfering with the wires on all the
    landowner's land in J. county, the owner could not claim that
    the contract related only to land occupied by him, and not
    to land owned by him, but occupied by others, in the absence
    of an averment of fraud or mistake in the execution of the
    writing.
3.  Telegraphs and Telephones—Wires—Trimming Trees—Where
    a landowner's contract authorized defendant telephone company to do necessary trimming of trees to clean wires 18
    inches on and along his property, he could not recover for alleged unlawful trimming, in the absence of proof that the
    vol. 134—17

trees trimmed were not, before the trimming, an obstruction to defendant's line, or that they were trimmed more than was necessary to clean defendant's wires the distance specified.

ALFRED H. HITE and HARDIN H. HERR for appellant.

### POINTS AND AUTHORITIES FOR APPELLANT.

1.  (a.) A party can deny that he executed a contract referring to land described in the petition, and then affirmatively plead, that the contract executed applies to another tract of land belonging to him. Civil Code, Section 13, Subsection 2; Norton v. Norton, 15 Ky. L. R. 72; S. C. 25 S. W. 750.

(b.) While parol evidence can not be introduced to contradict or vary a contract it can be introduced to show the meaning of a contract when it is ambiguous. Payton v. Watson, Litt. Select Cases 37; Thacker v. Howell, 16 Ky. L. R. 134; Hall v. Conlee, 23 L. R. 177; Broom's Common Law, Ninth Edition, page 576; Lawson on Contracts, Second Edition, Section 389; Broom's Legal Maxims, Seventh Eng. Edition, page 451; Rochester German Ins. Co. v. Peaslee-Gaulbert Co., 120 Ky. 752; Page on Contracts, Vol. II, Section 1217, page 1874.

2.  (a.) A party can deny that a contract applies to land described in the petition, and then can affirmatively plead that even if the contract applies to such land, that the defendant did not comply with the terms of the contract. Smith v. Dougherty, 119 Ky. 616; Bliss on Code Pleading, (2 & 3 Editions) Section 233; First National Bank v. Wisdom, 111 Ky. 139.

(b.) Courts should never give peremptory instructions when there is any evidence, tending to sustain plaintiff's cause. Sharp v. Wood, 21 Ky. L. R. 189; L. & N. Co. v. Peltier, 20 K. L. R. 169; Peltier v. L. & N. Co. 16 Ky. L. R. 501; Richards v. L. & N. R. Co. 20 Ky. L. R. 1478; Dick v. L. & N., 23 Ky. L. R. 1058.

FAIRLEIGH, STRAUS & FAIRLEIGH for appellee.

1.  The court rightly struck from the reply of appellant the second and third paragraphs, which pleaded his construction of the written instrument.

2.  The instruction to find a verdict for appellees was rightly given.

### AUTHORITIES CITED.

Royal Wheel Co. v. Dunbar, 25 Ky. L. R. 740; Wheeler v. Davis, 29 Ky. L. R. 730; Cravens v. Despaise, 25 Ky. L. R. 2018; Daylight Acetylene Gas Co. v. Hardesty &c., 112 S. W. 847; Voss v. Shebeck,

25 Ky. L. R. 481; Harman v. Thompson, Ky. L. R. 183; Locke v. Lyon Medicine Co., 27 Ky. L. R. 1; Crockett's Gdr. &c. v. Wallen, &c., 29 Ky. L. R. 1155.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE —
Affirming.

The appellant, Peter Nachand, by the institution of this action in the court below, attempted to recover of the appellee, Cumberland Telephone & Telegraph Company, $1,000 damages for the alleged unlawful trimming by it of certain trees situated on appellant's land, whereby they were, as claimed, greatly injured. Appellee filed an answer of two paragraphs, the first containing a traverse, and the second a plea of a written grant from appellant, authorizing appellee to erect and maintain its poles and lines upon and over his lands and do such necessary trimming of the branches of the trees thereon as might prevent them from interfering with the use of the lines in the telephone business. The writing referred to reads as follows: "In consideration of the sum of ($5.00) five dollars, I, Peter Nachand, do hereby grant to the Cumberland Telephone & Telegraph Company, Incorporated, its successors and assigns, the right to erect, maintain and operate a line of poles and wires and to do the necessary trimming of trees to clean wires eighteen (18) inches on and along my property in Jefferson county, state of Kentucky, and on road between Lakeland, Kentucky, and St. Mathews. Dated at St. Mathews, this 16th day of August, 1900. Peter Nachand. Witness, John Lynch, Jr." The second paragraph of the answer contained the further averments that appellee in erecting and maintaining its poles and lines upon appellant's land did only such trimming of the trees along the same as was pre-

scribed by the above writing, and necessary to clean its wires of them 18 inches; that such trimming was done on the land described in the writing, and on the road leading from Lakeland to St. Mathews in Jefferson county and that no permanent injury was thereby caused the trees. Appellant filed a reply which controverted the affirmative matter of the answer, and in addition set forth his construction of the writing, and averred that it did not apply to the land on which stood the trees for the trimming of which recovery was sought, but to another and smaller tract owned by appellant, and upon which he and his family then resided. The circuit court on the motion of appellee struck from the reply so much thereof as pleaded appellant's construction of the writing, and that it only applied to the small tract upon which appellant resided, to which ruling the latter excepted. Following the striking out of a part of the reply the case went to trial, and at the conclusion of appellant's evidence the jury, under a peremptory instruction from the court, returned a verdict in behalf of appellee, and thereupon judgment was entered dismissing the action. Of that judgment, and the refusal of the court to grant him a new trial, appellant complains; hence this appeal.

It is insisted for appellant that the striking out of a part of his reply, and the giving of the peremptory instruction was error. We do not think this contention sound. As to the first, it is only necessary to say that the defense of appellee to appellant's claim for damages was based upon a denial of the damages alleged and a license in writing to do the trimming of the trees complained of, which was complete in itself, as it contained the names of the parties, a sufficient description of appellant's lands over which the poles

and lines of appellee were to run and the trimming of trees was permitted, and expressed the consideration, as well as the object of the writing. There was therefore no ambiguity in the language or meaning of the writing. It conferred upon appellee the right it exercised, to erect, maintain, and operate a line of poles and wires, and to do the necessary trimming of the trees to clean wires 18 inches on and along appellant's "property (lands) in Jefferson county, state of Kentucky and on road between Lakeland, Kentucky, and St. Mathews." This description would seem to embrace any lands lying on the road between Lakeland and St. Mathews belonging to appellant, whether he, his son or son-in-law resided upon them. It is conceded that appellant owns three small tracts of land, all lying in Jefferson county on the road between Lakeland and St. Mathews, one being occupied by appellant, one by his son, and one by his son-in-law, and that appellee's lines run along and over each tract; and, while the trimming of trees complained of was done on the land occupied by the son-in-law, there is nothing in the language of the writing executed by appellant to appellee that indicates a purpose to exclude appellee from the use of that land for its poles and wires, or from the right to trim the trees standing thereon to prevent interference with its wires. In this view of the matter the court correctly struck from appellant's reply such parts thereof as attempted to give his interpretation of the writing he executed to appellee, and to plead that the latter's right thereunder to trim trees on appellant's land that obstructed its telephone lines was confined to the land upon which appellant resides. The pleas thus stricken from the reply could not be relied on by appellant, in avoidance of the li-

cense pleaded by appellee, in the absence of the averment in the reply of fraud or mistake in the execution of the writing, and neither was charged. Royer Wheel Co. v. Dunbar, 76 S. W. 366, 25 Ky. Law Rep. 746.

We are further of opinion that the trial court did not err in giving the peremptory instruction at the conclusion of appellant's evidence. As the writing contained the contract between the parties, their rights had to be determined according to its provisions. The only issues under the contract and pleadings were: (1) Was the trimming of appellant's trees by appellee unnecessary? (2) If unnecessary, to what extent was appellant damaged by such trimming? Appellant proved, by several witnesses besides himself, injury to the trees, but he wholly failed to prove that the trees trimmed were not, before the trimming, an obstruction to appellee's telephone lines, or that appellee trimmed them more than was necessary to prevent interference with its lines. Indeed, none of appellant's witnesses were asked, and not one of them stated, whether the trimming of the trees by appellee was necessary or unnecessary. Under the license from appellant appellee had the right to trim the trees upon former's land to the extent necessary to clean its wires 18 inches; and, as it was not made to appear from appellant's evidence that it did any more trimming of the trees than was necessary to clean its wires 18 inches, the appellee was, upon appellant's proof, entitled to a verdict and judgment, although such trimming as he did resulted in injury to the trees. Therefore the peremptory instruction directing the jury to return a verdict in its favor was proper.

No cause being shown for disturbing the verdict, the judgment is affirmed.