## Showalter v. Winchester Grocery Company.

(Decided May 28, 1912.)

### Appeal from Clark Circuit Court.

Purchaser—Not Required to Pay for Defective Goods—Defects Not Discoverable by Ordinary Inspection.—The purchaser of goods in a stock in merchantable condition will not be required to pay for such goods as are worthless although he accepted them when invoiced to him, the defect in them not being discoverable by an ordinary inspection and being unknown to him.

C. S. MOFFETT, C. F. SPENCER for appellant.

JOHN M. STEVENSON, J. SMITH HAYS for appellee.

Opinion of the Court by Chief Justice Hobson— Affirming.

On October 26, 1911, a written contract was entered into between C. W. Showalter and the Winchester Grocery Company by which it was agreed that he would reduce his stock by January 1, 1912, to $12,000 and that the company would take his entire stock "then in first class merchantable condition" at cost and carriage.

The agreement was carried into effect, the stock invoicing $13,037, the company took the stock under the invoice and paid all the price except the last note.

In this suit by Showalter against it on the note it pleaded as a counterclaim that $481.93 worth of the goods invoiced to it were not in first class merchantable condition but were in fact worthless and this fact was

by fraud concealed from it. A trial was had on this matter. which resulted in a verdict and judgment for the company. · Showalter appeals.

The instructions of the court to the jury are not made part of the record or· identified by a bill of exceptions or order of court. They cannot, therefore be considered on the appeal though copied into the transcript.

There are no execptions to the admission' or rejection of evidence that are material and the only question presented is that .the verdict is not supported by the testimony.

That the goods complained of were worthless is well shown, but it is said the counterclaim cannot be maintained because the defendant accepted the goods and made no complaint for some months after the invoice. Still the fact . is it complained and tendered back the goods as soon as the trouble was discovered informing Showalter in writing that it held them at his risk. While in Showalter's possession· a part of the stock had been flooded. He got from the factory for these goods new labels and new boxes and so when the goods were invoiced there was nothing to indicate to the purchaser that they were damaged or put him on notice in any way. While we do not hold that Showalter practiced a fraud, we do hold that there was no lack of diligence on the part of the purchaser and that it should not be required to pay for these worthless goods. Showalter thought they were not injured but subsequent events showed otherwise, at least the jury had the right so to infer from the facts proved.

Judgment affirmed.