## Smith & Nixon Co. v. Morgan

(Decided February 25, 1913.)

### Appeal from Shelby Circuit Court.

1. Contracts—Admissibility of Parol Evidence to Affect Written.— A written contract cannot be altered or added to or subtracted from by prior or contemporaneous, verbal agreements, in the absence of fraud or mutual mistake, but where a written contract is procured by fraud and misrepresentation, this may be shown by parol evidence to defeat or modify the contract.

2. Contracts—Sufficiency of Parol Evidence to Affect Written.—When a party to a written contract undertakes to alter or modify or avoid its effect upon the ground that it was procured by fraud or misrepresentation or mistake, the burden is upon him to show the existence of the facts and the conditions upon which he relies to defeat the writing, and unless the evidence is clear and convincing, it will not be regarded as sufficient to overcome the writing, in which it is presumed the parties set forth the entire engagement between them.

3. Contracts—Damages for Breach of Warranty When Only One Part of Article Worthless—Evidence.—When a buyer of an article, consisting of two or more separate, distinct parts, seeks to defeat the collection of the purchase money by the defense that the article does not fulfill the warranty made in connection with the purchase because one of the parts is worthless, the seller should be allowed to show the value of the worthless part as well as the value of the sufficient part.

4. Contracts—Damages for Breach of Warranty Because One Part of Article Worthless, Although Other Parts Are Sufficient.—If the only defect in an article is confined to a separate distinct part of it, and this part can be supplied by a part that would fulfill the warranty, the seller ought to be allowed to supply the defective part and thereby minimize the damage, or the buyer ought not to be allowed to recover more in damages than will enable him to supply this defective part.

5. Contracts—When Buyer Entitled to Rescission for Defect in One Part of Article Purchased.—If an article purchased is worthless because of a defect in some material, substantial part of it that cannot be supplied without purchasing the entire article, the purchaser is entitled to a rescission of the contract, if it was procured by fraud.

HARDIN H. HERR, RALPH GILBERT, for appellant.

E. B. BEARD, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming on the appeal and cross appeal.

In 1910 the Smith & Nixon Company brought a suit against Morgan on several notes aggregating $225, se-

cured by a mortgage on a player piano. The player piano was sold to Morgan in October, 1907 for $600, $375 of which had been paid before the suit was brought. There was printed at the head of the mortgage this notice:

"No agent or salesman is authorized to make any contract or verbal promise differing in any wise from that written or printed below. The contract is subject to the approval of Smith & Nixon Company."

The mortgage itself was in the usual form, providing in substance that whereas Morgan had purchased from the Smith & Nixon Company one Kurtzman player piano for $600, no part of which had been paid, Morgan to secure the payment of this sum had sold and conveyed to the Smith & Nixon Company the player piano to secure the payment of several notes aggregating the sum of $600. It was further agreed in the mortgage that upon the failure of Morgan to pay any of the installments as they became due, all of them might be declared due at the election of the Smith & Nixon Company. Morgan also agreed to keep the instrument in good order and repair and to have it insured for the benefit of the company. It was further stipulated in the mortgage that upon default in the payment of any of the installments the Smith & Nixon Company had the right to take possession of the instrument.

In an answer, set off and counterclaim Morgan admitted the purchase of the instrument and the execution of the notes and mortgage, and set up that the Smith & Nixon Company "warranted said instrument to be of the best material and the best workmanship, and to be one of the best musical instruments of the kind on the market, and warranted it to last in good condition, and to be free from defects in any of its parts, and to continue as good a musical instrument as any of the kind on the market for a period of five years from the date of sale, and the defendant says that the plaintiff has broken and violated its warranty, that said player piano is not made of the best material or the best workmanship, and is not one of the best musical instruments of its kind on the market, and is not now, and has not been since a short time after it was delivered to the defendant, in good condition, or free from defects, and same is now absolutely worthless, and of no value whatever. The defendant relied wholly upon the warranties and repre-

sentations of the plaintiff in the purchase of said instrument, and the consideration for the notes filed with the petition is null and void, and said notes are without consideration * * * * * * * * * that by the fraud and misrepresentation of the plaintiff as to the kind and character of the instrument he was induced to and did enter into the contract.''

After stating this defense in other forms and averring that he was entitled to have judgment over against the Smith & Nixon Company for the $375 paid, he prayed, ''That the petition be dismissed, and that the note and mortgage be cancelled, and that the contract of purchase be cancelled, and that he recover judgment against the plaintiff for $375, and if this could not be done, that the petition be dismissed and that he have judgment against the plaintiff for $375 in damages.''

After the affirmative averments of this answer were controverted of record, the court, on its own motion, directed that the case, which was in equity, be transferred to the ordinary docket for the trial of the following issues of fact: (1) Was there a warranty on the instrument that it was made of good material and workmanship, and that it would continue in good condition for five years? (2) Was there a warranty of the same nature for one year only? (3) If there was a breach of the warranty, how much, if any, was the defendant damaged thereby?

At the conclusion of the evidence, after overruling a motion of the Smith & Nixon Company for a peremptory instruction in its favor and overruling a motion for instructions offered by Morgan, the court, in addition to the interrogatories before mentioned, submitted the following:

''If the jury find from the evidence that there was a breach of warranty in the instrument, then they will find for the defendant Morgan the difference, if any, between the value of said instrument in good condition and of good material and workmanship and the reasonable, vendible value of the instrument in its actual condition as to workmanship and material at the time of the sale, not to exceed $600.''

In answer to these interrogatories the jury found that the instrument had been warranted for five years, that there was a breach of the warranty, and that the damage sustained by Morgan was $225. Thereupon the

court adopted the finding of the jury and gave Smith & Nixon a judgment for the amount of the note sued on, to be credited by $225 as of the date of the judgment.

A number of reasons are assigned by counsel for the Smith & Nixon Company why the judgment should be reversed, but we think they may be condensed into two principal reasons: (1) That the contract between the parties was in writing and could not be altered or modified by parol testimony. (2) That it appeared on the trial that the instrument was separable into two parts, one the piano proper and the other the player part, and it being conceded that the piano proper was in good condition, the trial court committed error in refusing to allow witnesses to state what part of the original purchase price was paid for the piano proper, and what part for the player, and in refusing an instruction offered by Smith & Nixon Company requiring the jury to state what sum would put the piano player in good condition and to state the value of the piano apart from the player.

Taking up these questions in the order stated the only written contract between the parties was the mortgage before mentioned and the notes which were ordinary, promissory notes, executed by Morgan to the company. The evidence in behalf of Morgan was to the effect that Neal, the agent who sold him the piano and who was also a director in the Smith & Nixon Company, warranted the instrument to be of good material and workmanship, and one of the best instruments of the kind on the market, and that it would last in good condition and be free from defects in any of its parts for a period of five years. And further that the player part of the instrument was worthless, although the piano proper and which was a complete musical instrument in itself, fulfilled the warranty. The evidence for the company tended to show that Neal had no authority to make any verbal warranties, and that the instrument was damaged by failure to properly care for it. It also offered to prove the value of the player part as a distinct instrument, but the court refused to permit evidence of this character.

It is earnestly insisted by counsel for the company that all of the parol evidence introduced as to the warranty was inadmissible because it conflicted with and altered the terms of the written contract between the

parties, which written contract he insists was the only one made between them.

It is well settled by numerous decisions of this court that a written contract cannot be altered or added to or subtracted from by prior or contemporaneous verbal agreements in the absence of fraud or mutual mistake. Farmers Bank v. Wickliffe, 131 Ky., 787; Nauchand v. Cumberland Tel. & Tel. Co., 134 Ky., 257; Western Manufacturing Co. v. Cotton, 126 Ky., 749; Worland v. Sechrist, 106 Ky., 711; Verney Electrical Co. v. Carter, 133 Ky., 90; Stewart v. Gardner, 152 Ky., 120.

But here there was an averment that Morgan was induced to enter into the contract by the fraud and misrepresentation of the Smith & Nixon Company, and while there is no distinct averment that there was fraud or misrepresentation practiced in the procurement of the writings, these writings were a part of the contract, and if the contract of which they were a part was obtained by fraud and misrepresentation, as averred and as the evidence showed, we think Morgan was entitled to rely on this defense to defeat the collection of the notes, and also as a ground upon which to base his counterclaim for damages. The averment that the contract was obtained by fraud was broad enough to embrace all parts of the contract whether written or verbal. If the contract was obtained by fraud this fraud tainted the writings that constituted, as claimed by Smith & Nixon, the whole contract and made available the defense relied on. In Western Manufacturing Co. v. Cotton & Long, 126 Ky., 749, a written contract for the sale of goods was made the basis of a suit and for defense the answer averred that the contract was obtained by fraud. In the course of the opinion the court said:

"A written contract may be impeached under the practice in this State for fraud practiced either in its execution or in its obtention. Whether the contract contains the true agreement of the parties but was induced by the fraudulent misrepresentation of one of them, or whether it fails because of the fraud of a party to state truly the agreement, such as by surreptitiously substituting a false paper for the true one, or by misreading the contents of the paper, or by force or duress, its execution was procured, the party not in fault, when sued

upon it, may plead the fraud as a defense in avoidance of the recovery. * * * * * * *.

When by fraud or misrepresentation a written memorial of a contract essentially variant from the agreement actually made shall have been imposed on a party, the deed or writing is not his. It is not obligatory. And in such cases the fraud or misrepresentation may be proved without contradicting the written evidence.''

We think therefore under the averments of the answer the evidence introduced to show that the contract was procured by the fraud and misrepresentation of the Smith & Nixon Company was competent, and upon the faith of it the court and the jury trying the case were authorized to modify as they did do the written memorial of the contract between the parties. Of course when a party to a written contract undertakes to alter or modify it, or avoid its effect upon the ground that it was procured by fraud or misrepresentation or mistake, the burden is upon him to show the existence of the facts and conditions upon which he relies to defeat the writing, and unless the evidence is clear and convincing upon this subject, it will not be regarded as sufficient to overcome the writing, in which it is to be presumed the parties set forth the entire engagement between them. Provident Savings Life Co. v. Shearer, 151 Ky., 298.

But we think the evidence in behalf of Morgan on the point under consideration fully measured up to the requirements necessary to avoid a written contract. There is of course some conflict in the evidence, but the decided weight of it is to the effect that the player part of the piano was practically worthless, and that in purchasing it Morgan relied upon the representations made by the agent, who in making the representations practiced a fraud upon Morgan.

The condition before noticed at the beginning of the mortgage, that no agent of the company had authority to make any contract or verbal promise in conflict with the agreement, cannot be regarded as denying to Morgan the right to rely upon the fraud in the contract for the purpose of defeating it. If this condition should be treated as having this effect no contract however fraudulent could be avoided.

Coming now to the proposition that as the instrument was separable into two parts, the piano proper and the player part, the trial court should have permitted

evidence as to the value of each part separately for the
purpose of showing the damage Morgan sustained by
reason of the worthless character of the player. There
are cases holding that where a contract is separable,
and that when the buyer of an article consisting of two
or more separate, distinct parts, seeks to defeat the
collection of the purchase money by the defense that the
article does not fulfill the warranty made in connection
with its purchase because one of the parts is worthless
it is permissible for the seller to show the value of the
worthless part as well as the value of the sufficient part,
so that the jury, under proper instructions, may fix the
damages of the purchaser at a sum that will compensate
him for the loss sustained in the purchase of the worth-
less part. Benson v. Port Huron Co., 83 Minn., 321;
Milburn v. D. M. Osborne Co. 33 Minn., 492; Altman v.
Guinn, 1 N. Dak., 402; Kensington v. Todd, 139 Ia., 290.

The reason for this rule is that if the only defect in
an article is confined to a separate, distinct part of it,
and this part can be supplied by a part that would fulfill
the warranty, the seller ought to be allowed to supply the
defective part and thereby minimize the damage, and the
buyer ought not to be allowed to recover more in dam-
ages than will enable him to supply the defective part.
As the evidence in this case shows that the piano was
a good instrument, and the defects complained of ex-
isted in the player part, a distinct and separate instru-
ment, but one that could be used in connection with the
piano proper, we think the court should have permitted
the company to show the value of the piano separate
from the player, and the value of the player separate
from the piano, and that the jury should have been di-
rected in the issues submitted to them to find the dam-
age Morgan sustained by reason of the defect in the
player part of the instrument.

It does not, however, follow from this that the error
of the court was prejudicial. In fact we are well satis-
fied it was not. The damage sustained by Morgan on
account of the worthless condition of the player was as
much as the entire damage allowed by the jury and by
the judgment, and so if the offered evidence had been
permitted to go to the jury, and the jury had been in-
structed to separate the value and the damage, it would
not have affected the result, or have lessened the amount

of damage to which Morgan was entitled, and so the error was not prejudicial.

Morgan has prayed in this case a cross appeal and insists that the trial court committed error to his prejudice in refusing to cancel the entire contract and award him the $375 he paid on the contract price, in addition to the $225 allowed by the jury upon his returning the instrument, which he offered to do. In other words, the contention is that the contract should have been rescinded for the fraud practiced and Morgan have returned to him what he paid, and have his notes for the unpaid part cancelled and the company have returned to it the instrument.

This contention is based on the theory that Morgan was induced to purchase the instrument only because he wanted the player part, and when this proved worthless the contract was without consideration. There would be much force in this except for the fact that the player is a distinct separate part of the instrument, and a new and sufficient player can be procured to take the place of the worthless one. If an article purchased is worthless because of a defect in some material, substantial part of it, that cannot be supplied without purchasing the entire article, the purchaser might be entitled to have rescission of the contract, if it was procured by fraud or mistake, but when the defect exists in only a part of the article and the defective part can be readily supplied, it is not essential that the entire contract should be rescinded in order that the purchaser may get what he bought. In this state of case he is only entitled to damages sufficient to cover the loss he sustained by the worthless or defective part.

Upon the whole case we do not find any substantial error to the prejudice of either party, and the judgment is affirmed on the original and cross appeal.