## Fechheimer, et al. v. Goldnamer, et al.

(Decided March 21, 1916.)

### Appeal from Hardin Circuit Court.

1. **Limitation of Actions—Law of This State Controls.**—If a suit is brought in this state on a note payable in another state, the statute of limitation in force in this state controls.
2. **Principal and Surety—Payment by Surety.**—Payments made by a surety after he has been discharged from liability by the statute of limitation will not extend his liability unless there is some consideration.

W. J. BOLES and J. E. WISE for appellants.

H. L. JAMES for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On June 10, 1902, B. F. Goldnamer executed his note to the appellants for three thousand dollars. The note was executed at Cynthiana, Ky., was due in one day after date, and was payable at the office of the appellants in Cincinnati, O. It was endorsed on the back thereof by S. Goldnamer & Sons, who were a partnership composed of Samuel and Louis Goldnamer.

In April, 1914, the appellant brought suit on the note against the principal, B. F. Goldnamer, and the endorsers, Louis and Samuel Goldnamer, to recover the balance due on the note. The endorsers set up that they were sureties or accommodation endorsers, and pleaded and relied on the seven year statute of limitation made and provided in such cases. And at the conclusion of the evidence the court directed a verdict for the appellees.

The evidence introduced, if we were at liberty to consider it, would not help the case for the appellants, as

the controlling questions arise on the pleadings and by the pleadings the rights of the parties must be determined.

It was averred in the petition that B. F. Goldnamer solicited the loan, but that the appellants would not lend the money until he procured Samuel and Louis Goldnamer to endorse the note, which they did, and thereupon the money was furnished to B. F. Goldnamer. It was further averred, and may be accepted as true, that as the note was payable in Ohio, it was placed on the footing of negotiable paper by the laws of Ohio. It was further averred that at the time of the execution of the note it was agreed between all parties to the paper that the payees would not demand payment of the note at maturity, or until such time as B. F. Goldnamer should be able to pay the same, or until he closed up or disposed of the business he then contemplated starting in Cynthiana, Ky. It was further averred that B. F. Goldnamer did not close up or dispose of his business until 1910, and, therefore, according to the contention of the appellants, under the agreement made as to the time of its maturity, it did not become due and payable until 1910. It was further averred that in 1913 Louis and Samuel Goldnamer made various payments on the note.

So much of the petition as set up the parol, contemporaneous agreement that the note should not mature until B. F. Goldnamer disposed of his business, was stricken out by the court, and this is the principal error relied on for reversal. We think, however, the court properly struck this matter from the petition. There was no averment of fraud or mistake, and in the absence of such averment it is, we think, quite clear that the terms of the paper could not be varied or contradicted by prior or simultaneous, parol agreements. We may therefore treat the note as maturing in June, 1902; and so more than seven years had run from its maturity before the commencement of the action.

The payments made by the endorsers, Louis and Samuel Goldnamer, in 1913 did not have the effect of extending the life of the note as to them. At the time these payments were made they were released from liability on the note by the statute of limitation, and it does not appear that there was any consideration that would convert these payments into an obligation impos-

ing any liability on the part of these endorsers or that would extend their liability as endorsers.

Although the note was an Ohio contract and was placed on the footing of a bill of exchange by the laws of that state, the statute of limitation in force in this state controlled the rights of the endorsers, and under our statute of limitation they were released long before suit was brought, whether they should be treated as endorsers or sureties, as the limitation as to endorsers is five years and the limitation as to sureties is seven. Stevens v. Gregg, 89 Ky. 461; German National Bank v. Zimmer, 141 Ky. 401.

Wherefore, the judgment is affirmed.