## B. R. C. Bottle Company v. Peaslee-Gaulbert Co.

(Decided September 17, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Division No. 1).

1.  Contracts—Acceptance of Order for Merchandise.—Where the different items of a single order for merchandise are not inherently interdependent but easily severable, and the aggregate sum was not mentioned or considered, the contract resulting from an acceptance of the order may be entire or severable, depending upon the intention of the parties, to be ascertained from the language employed, attendant circumstances and the acts of the parties.
2.  Contracts—Sale of Merchandise—Appeal and Error.—Where such a contract for several different kinds of bottles was treated by all parties thereto as severable before a dispute arose, it should be so held, especially upon appeal from a judgment so construing it where the record does not contain the contract itself or proof of any provision thereof clearly inconsistent with such a construction.

D. MOXLEY and GIFFORD & STEINFELD for appellant.

TRABUE, DOOLAN, HELM & HELM and J. BLAKEY HELM for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On June 29th, 1917, the appellee, a wholesale merchant, ordered of appellant, a manufacturer, the follow-

ing glass bottles: 300 gross of 1 oz. Argyle panels, 300 gross of 1¼ oz. Argyle panels, 100 gross of 12 oz. B. N. panels, 50 gross of 12 oz. citrate magnesia patents, 125 gross of Godfrey cordials, 250 gross of Batman vials, 50 gross of British oils.

On August 31st, 1917, the appellant filled this order in part by shipping to the appellee 165 gross of 1 oz. Argyle panels, 300 gross of 1¼ oz. Argyle panels, 50 gross of 12 oz. B. N. panels, and 123 gross of Godfrey cordials. The bottles were crated according to kind, shipped in one car and listed separately on the bill rendered at the various prices and discounts quoted for each kind.

It will be noticed that while seven different kinds of bottles were ordered but four kinds were shipped and not in the quantities ordered except in one instance.

The car reached appellee's warehouse on September 12th; was unloaded and inspected as unloaded on the 12th and 13th. On September 13th appellee wrote to appellant the following letter:

"Louisville, Ky., Sept. 13, 1917. B. R. C. Bottle Co., Cedar Grove, La. Dear Sirs: We are sending you by express, samples of bottles in car just arrived. You will note that on the 1¼ oz. there is a mould mark, which practically renders these bottles useless. Several of them as you will see have broken through; others will undoubtedly break from handling. We feel very confident that we can not send out this ware without having a large proportion of it held subject to our order, and claims of all kinds and amounts made against us. The 12 oz. bottles you will find have pieces of glass in the bottoms, in some instances slivers of glass stuck to the sides. We regret very much to be compelled to make these complaints as this ware was needed by us very badly. We have several orders awaiting this ware for shipment. Will you kindly instruct us what to do regarding same? The flasks and 1 oz. panels, and the Godfrey cordials seem to be all right. Please let us have a reply promptly. Yours very truly, Peaslee-Gaulbert Co. G. C. S."

On September 14th, appellee sold parts of the 1 oz. Argyle panels and Godfrey cordials about neither of which was there any complaint. On September 15th the appellant sent and appellee received the following telegram:

"Shreveport, La., 220 P. 15, 1917, Sep. 15, P. M. 3:07. Peaslee-Gaulbert Co., Louisville, Ky. Return shipment

thirty-first in full letter follows. B. R. C. Bottle Co. 1917, Sep. 15, P. M. 3:10."

The letter referred to in the above telegram is as follows:

"Shreveport, La., 9/15, '17. Peaslee-Gaulbert Co., Louisville, Ky. Gentlemen: We have yours of the 13th and regret to note that the ware shipped you in the car of the 31st of August is entirely wrong and while it is not possible for us to change the quality for you now we do not want you to buy anything from us that is not right; this being the case you will ship the entire amount back to us at once, we can no doubt dispose of it or we can melt it over and make something we can sell. The discount period is past a week and we want either the car of ware in full as shipped or we want $1,722.26 less freight at 25c per hundred. Let us know by return mail which we are to have so we may close the account; no allowance will be made for anything in case you do not return the goods and no part of them may be kept by you if any is returned. Yours truly, B. R. C. Bottle Co. B."

Several letters were exchanged in which appellant demanded payment of the whole bill and appellee declined to pay for the defective bottles. Subsequently appellant filed this action against appellee to recover for the entire shipment amounting to $1,609.76. By answer appellee admitted liability in the sum of $723.20 for the good bottles and resisted payment for the defective bottles by counter claim for damages of an alleged warranty.

Upon trial of the contested amount before a jury, appellant recovered a verdict and judgment against the appellee for $259.52.

The trial court held that the contract was severable and permitted the defendant to recover, upon its counterclaim, damages for breach of an implied warranty as to the two rejected kinds of bottles, of which action alone complaint is made upon this appeal. The contention of the appellant is that the contract was entire and not severable and that by the acceptance of a part of the shipment the appellee became liable for the whole.

Although the contract was introduced in evidence and filed as an exhibit, it is not copied into the record, and we might affirm the judgment under the familiar rule that it will be conclusively presumed in the absence of the entire record that the omitted parts sustain the judgment. But waiving this, there is nothing whatever in

the record to show that the contract when tendered and accepted was intended or considered an entire contract by either party. Upon the other hand the appellant did not so regard it because without authority from appellee so to do, it accepted and complied with only several parts thereof; and there is nothing in the contract so far as its substance is stated in the record nor in the acts of the parties to indicate that either considered it other than a severable contract, except the telegram and letters of appellant to appellee after it had been informed by appellee that the latter considered and treated the contract as severable by accepting in part and rejecting in part the goods tendered, just as appellant had treated it as severable by accepting in part and rejecting in part the order tendered it by appellee.

The several different kinds of bottles involved were separately priced and separately invoiced, and constituted different items not inherently interdependent but easily severable, of a single order in which the aggregate sum does not seem to have been considered or mentioned. Such contracts may be either severable or entire, depending upon their terms and the intention of the parties involved, to be ascertained from the language employed, the character of merchandise, attendant circumstances and the acts of the parties. 2 A. L. R. 643.

We have not the contract itself before us but from the evidence of its contents, the attendant circumstances and the acts of the parties before a controversy arose, as above stated, we are sure it was considered and treated by both of them as severable and that it was properly so treated by the trial court. For this conclusion we find abundant authority in Showalter v. Winchester Grocery Company, 148 Ky. 579, 147 S. W. 16; Smith & Nixon Company v. Morgan, 152 Ky. 430, 153 S. W. 749; Ten Broeck Tyre Company v. Rubber Trading Company, 186 Ky. 526; Newton v. Bayless Fruit Company, 155 Ky. 440; Trapp v. Conley, 28 Ky. Law Rep. 475, 89 S. W. 514; Walton-Wilson-Rodes Company v. McKitrick, 141 Ky. 415, 132 S. W. 1046; Story on Contracts, page 28; 13 C. J. 563.

The many authorities cited by appellant in which contracts have been held to be entire and inseverable are upon facts so different from those involved here as to render them inapplicable.

Wherefore the judgment is affirmed.