## Goodin et al. v. Page.

(Decided June 20, 1930.)

JAMES H. JEFFRIES for appellants.

E. B. WILSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Castro Coal Company, was indebted to the appellee, J. Y. Page, in the sum of $1,000 evidenced by a note which became due on December 1, 1925. The note was secured by a chattel mortgage on all the mining equipment and machinery of the Castro Coal Company. O. L. Goodin, who owned all the capital stock of the Castro Coal Company, was a surety on the note. The note was not paid when it became due, but $274.95 was paid thereon during the year 1926.

On November 1, 1926 an agreement between O. L. Goodin, Howell J. Davis, as trustee, and certain creditors of the company was entered into. The agreement recited that the coal company was indebted to the several persons, firms, and companies whose names were thereto affixed and that it was necessary, in order to enable the company to continue in business, for the creditors to allow the coal company additional time to work out of its financial difficulties. The agreement provided that Goodin should transfer and assign to Howell J. Davis, as trustee, the certificates representing the entire capital stock of the company, and that the trustee might allow the company to continue its operations and to pay such operating expenses and claims as might, in his sole discretion, be deemed advisable; and might authorize the company to incur indebtedness which should be given priority over the debts and obligations then held by the signing creditors. By clause 6 of the agreement, the

creditors agreed not to sue or molest the Castro Coal Company for or on account of their respective debts so long as the agreement remained in force. By the 8th clause it was provided that the agreement should be effective and binding when the creditors, in number and amount satisfactory to the trustee, had executed the same. The debts owing to the creditors who signed the agreement amounted to $6,259.43.

On May 17, 1928, appellee brought this action against O. L. Goodin, the Castro Coal Company, Howell J. Davis, and the creditors who signed the agreement on November 1, 1926, to rescind that agreement on the ground that his signature thereto had been procured by fraud and false representations. He also asked for a judgment against the Castro Coal Company and the sureties on the note and that he be adjudged a superior lien upon the lease and mining equipment of the Castro Coal Company, and that same be sold to satisfy his claim. The court rendered a judgment canceling the contract as to appellee and against the Castro Coal Company and O. L. Goodin and E. A. Smothers, sureties on the note, for the amount of the note, adjudged appellee a lien on the lease and mining equipment and ordered it sold. O. L. Goodin, Castro Coal Company Howell J. Davis, and the East Tennessee Coal Company have appealed.

The appellee, who was the plaintiff below, alleged in his petition that at the time he signed the agreement of November 1, 1926, Goodin and Davis informed him that all the other creditors of the company had signed it except two creditors having claims amounting to $81 which would be paid that day; that he relied upon this representation and by reason thereof was induced to sign the agreement; that he discovered through a financial statement of the company, made more than a year later, $3,000 of other debts were outstanding at the time he signed the agreement instead of $81 as represented by Goodin and Davis. He then brought this suit.

Appellee's deposition was taken and it supports the allegations of the petition. Appellants introduced no proof and the case was submitted on the pleadings and appellee's deposition. Appellants assign two reasons for a reversal of the judgment; (1) That the demurrer to the petition should have been sustained because the written agreement of November 1, 1926, did not provide that all the creditors of the Castro Coal Company should sign it, and this writing was not attacked either for fraud or

mistake but only on the ground that appellee's signature thereto was obtained by reason of false representation; (2) that certain affirmative allegations contained in the first paragraph of the answer were not denied by the reply, and this affirmative matter constitutes a complete defense to the alleged cause of action set up in the petition.

It is argued that the written agreement sought to be canceled does not require that it be signed by all the creditors, but only so many of them in number and amount as in the judgment of the trustee would be necessary to carry out the purpose of the agreement, and that because this agreement was not attacked either for fraud or mistake, parol evidence as to any representation made at the time it was signed by appellee could not be introduced. There is no effort here to vary the terms of a written contract by parol evidence. It is a well-settled rule that parol evidence to vary the terms of a written contract is inadmissible in the absence of an allegation of fraud or mutual mistake. Castleman-Blakemore Co. v. Pickrell & Craig Co., 163 Ky. 750, 174 S. W. 749; Fechheimer v. Goldnamer, 169 Ky. 243, 183 S. W. 541.

In the instant case there was an averment that the appellee was induced to sign the contract by the misrepresentations of appellants. The parol evidence rule does not prevent the introduction of evidence showing fraud in the inducement of a contract. Evidence of this kind does not vary the written contract; it destroys and avoids it. Gaines v. Gaines' Adm'r, 163 Ky. 260, 173 S. W. 774; Provident Savings Life Assurance Society of New York v. Shearer, 151 Ky. 298, 151 S. W. 938; Smith & Nixon Co. v. Morgan, 152 Ky. 430, 153 S. W. 749; Western Mfg. Co. v. Cotton, 126 Ky. 749, 104 S. W. 758, 31 Ky. Law Rep. 1130, 12 L. R. A. (N. S.) 427; Gill's Trustee v. Gill. (Ky.) 124 S. W. 875. And a contract may be rescinded if the statement inducing the procurement of the contract is false and relied on, although there was no fraud; Trimble v. Reid, 97 Ky. 713, 31 S. W. 861, 17 Ky. Law Rep. 494; Williston on Contracts, sec. 1500.

It is alleged and proven that representations were made to appellee that all the creditors of the Castro Coal Company had signed the agreement; that he relied on these representations and that they were false. If these representations had not been made the evidence shows that appellee would not have signed the agreement.

They, therefore, were the inducing cause which impelled him to enter into the agreement. Under these circumstances he is entitled to have the agreement canceled as to him, and the lower court properly so adjudged.

In the first paragraph of the answer there is this affirmative allegation: "By way of explanation of the charges in plaintiff's petition that all of the creditors of the Castro Coal Company did not sign said agreement of November 1, 1926, these defendants say that the joint claim of the Texas Company and the Great Southern Refining Company was for supplies and was for the total sum of $16.00; that the claim of the United States Fidelity & Guaranty Company was for Workmen's Compensation Insurance, and of necessary charge for operating and continuing to operate the mine; that the claim of Nat B. Sewell was secured by a mortgage upon the mine property and arrangements for the payment of same had been made at that time, and same was shortly thereafter paid, that the claim of T. R. Preston was for royalty for coal mined from the property; that the claim of the Louisville & Nashville Railroad Company was for repairs to the railroad track serving the mine property; and the claim of F. T. Rhae was on a check which had been theretofore given him, but had not been paid for lack of funds; and that total of all these claims did not exceed the sum of Six Hundred ($600.00) exclusive of the Nat B. Sewell mortgage claim."

A motion was filed to strike this allegation but the court failed to rule on the motion and the reply failed to deny these affirmative allegations of the answer. It is insisted that this affirmative matter constitutes a complete defense to the cause of action set up in the petition. These allegations were not material and, if true, constituted no defense. They amounted to an admission of the allegations in the petition that claims other than appellee's were outstanding when he signed the agreement. As the evidence shows that appellee would not have signed the agreement had he known that these claims were outstanding, the representation that no other claims were outstanding was material, and, being false warranted a cancellation of the contract.

Judgment affirmed.