## Kackley v. Webber et al.

May 13, 1949.

286

Elwood Rosenbaum for appellant.

Yancy & Martin for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

In this opinion the parties will be referred to as plaintiff and defendants. Elizabeth Kackley is a real estate broker and she sued Charles W. Webber and wife, Nell, for $600 commissions she claimed to be due her upon a sale to Frank Bromley of certain property owned by them in Lexington, Kentucky, which contained two apartments. The defense was that the sale was never consummated and Bromley, on account of false representations made to him by the broker, refused to go through with his written contract to buy the property. A jury trial resulted in a verdict in favor of defendants and from the judgment dismissing the petition, plaintiff appeals. She insists that the court erred: (1) In overruling the general demurrer to the answer as amended; (2) in instructing the jury; and (3) neither the pleadings nor the proof entitled Bromley to rescind his contract to purchase.

The petition avers plaintiff was employed by defendants to sell the property; that she sold it to Bromley who entered into a written contract with defendants to buy it for $15,600; he made a down payment of $1500 on it and defendants are indebted to her for $600 commissions for making the sale.

The answer as amended was a general denial followed by the affirmative plea that plaintiff without the knowledge of defendants falsely represented to Bromley

that the downstairs apartment could be rented for $75 and the upstairs apartment for $65 a month, when she knew such statements were untrue and that under the regulations of the Office of Price Administration, hereinafter referred to as OPA, these apartments were not permitted to be rented in excess of $40 and $35 per month, respectively; that Bromley relied upon such false representations in executing the contract to purchase and soon after signing it he discovered the false representations and stopped payment on his check and refused to carry out his contract to purchase. A reply completed the issue.

There is no controversy as to the amount of the commissions, but the question is whether plaintiff is entitled to any commission. We will consider together the first and third grounds relied upon by plaintiff for a reversal of the judgment.

It is obvious the court did not err in overruling the general demurrer to the answer as amended. It must not be overlooked that the representations of plaintiff as set out in the answer did not relate to the value of the property, as did the representations in the cases relied upon by plaintiffs, German National Bank's Receiver v. Nagel, 82 S. W. 433, 26 Ky. Law Rep. 748, and McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284, but related to the amounts of rent he was allowed to charge. Here, plaintiff knew the purchaser was buying the property for an investment and she represented the rents he could receive therefrom were almost twice those which he could legally charge. Such false representations, if proven, would be a defense to plaintiff's action for commissions and they would also be grounds for the purchaser rescinding the contract.

Plaintiff is supported by Baxter v. Davis, 252 Ky. 525, 67 S. W. 2d 678, 681, and Providence Life & Accident Ins. Co. v. Ramey, 256 Ky. 126, 75 S. W. 2d 781, 784, that an executed contract will not be rescinded for fraud except on the clearest and most convincing evidence. In the instant case the contract is not an executed one but is executory and equity will not come to the aid of a party who has induced another to act to his detriment, even though the misrepresentations were innocently made. 23 Am. Jur. sec. 133, page 929; Matthey

v. Wood, 12 Bush 293, 75 Ky. 293. The equitable remedy of cancellation is peculiarly applicable to executory contracts as the relief is preventive as well as remedial. Louisville Point Lumber Co. v. Thompson, 202 Ky. 263, 259 S. W. 345, 347.

Plaintiff admitted she represented to Bromley that the upper apartment could be rented for $75 and the lower one for $65 a month, but testified that Mrs. Webber told her she (Mrs. Webber) had ascertained this fact from the OPA in Lexington. Mrs. Webber denied she made any such statement to plaintiff relative to the rentals, but testified she told plaintiff to be sure that Bromley understood what the rent ceilings were on these apartments. Mrs. Webber made no demand upon Bromley to carry out the deal, nor did she attempt to force him to do so when she learned the rentals had been misrepresented to him. It is evident that Bromley had ample grounds for rescinding his contract to purchase and that Mrs. Webber could not have compelled him to take the property. 23 Am. Jur. sec. 133, p. 929; Louisville Point Lumber Co. v. Thompson, 202 Ky. 263, 259 S. W. 345.

The instruction of which plaintiff complains in effect told the jury to find for her unless it believed she without authority from defendants misrepresented to the purchaser the amounts he could receive in rentals from the apartments, and that the purchaser relied upon such representations. It is insisted by plaintiff the jury should have been told to find for her unless she knowingly made false representations as to the rentals.

The rule is that false representations made recklessly and without knowledge of whether they are true or false constitute such fraud as will authorize a rescission of a contract where they are relied upon by an innocent party. 23 Am. Jur. secs. 133 and 134, pages 929 et seq. The amounts for which these apartments could be rented were of the utmost importance to the purchaser since he was buying the property as an investment, which fact was known to plaintiff. It matters not whether plaintiff knew her representations were false because she pretended to speak with authority on the subject to induce Bromley to purchase. He could not be compelled to take the property regardless of whether

plaintiff knew her representations were false or whether she made them recklessly and without regard to their truth or falsity. 23 Am. Jur. sec. 134, p. 931; Com. v. Campbell, 231 Ky. 386, 21 S. W. 2d 474; Goodin v. Page, 235 Ky. 54, 29 S. W. 2d 581; Ellenburg v. Edward K. Love Realty Co., 332 Mo. 766, 59 S. W. 625.

The only material difference in the instructions offered by plaintiff and the one given by the court is that the former allowed plaintiff to recover unless the jury believed she knowingly made false representations as to the rentals, while the latter does not allow her to recover if she misrepresented the rentals without authority from defendants, regardless of whether she knew such misrepresentations were false. Therefore, it is not necessary to further discuss the instructions.

Perceiving no error in the record prejudicial to plaintiff's substantial rights, the judgment is affirmed.