## BRINTON v. MOTTE et al.

Court of Appeals of Kentucky.
Dec. 14, 1951.

Samuel R. Wells, Wm. H. Crutcher, Jr., Peter, Heyburn & Marshall, Louisville, for appellant.

Herman Cohen, Lawrence S. Grauman and James T. Robertson, Louisville, for appellees.

COMBS, Justice.

This appeal is from a judgment entered on a directed verdict at the close of opening statements by the attorneys. The judgment is in the amount of $2,375 in favor of R. S. Motte against James H. Brinton.

In 1948 Lester Douglas owned the Douglas Auto Parts and Machine Shop in the City of Louisville. In October of that year he entered into a written contract with Motte, a real estate broker, whereby Motte agreed to sell the business for him. Motte

contacted Brinton and, on January 22, 1949, Brinton signed an instrument, designated "Sales Agreement," in which he offered to buy the machine shop at a price of $32,500, payable in installments as therein set out. As evidence of good faith binding the contract, Brinton deposited with Motte the sum of $2,500. It is alleged in the pleadings that Brinton's offer was accepted by Douglas, although the acceptance does not appear in the record. The sale was not consummated and this controversy arose.

Brinton filed suit against Motte for recovery of the $2,500 deposit made by him. He alleged he was induced to sign the sales agreement by reason of material misrepresentations made by Motte about the nature of the business; that he informed Douglas of the misrepresentations and Douglas agreed to rescind the sales agreement of January 22.

Motte filed answer and counterclaim against Brinton, and cross-petition against Douglas. He alleged that he had performed all the duties incumbent upon him under his contract with Douglas, and that he was entitled to his sales commission amounting to $2,375.

Douglas filed answer to the cross-petition of Motte. He alleged that under their agreement it was incumbent upon Motte to produce a purchaser ready, willing and able to purchase the business; that Brinton was not financially able to purchase the business, and by reason thereof Motte was not entitled to any commission. He denied that he agreed with Brinton to rescind the sales agreement of January 22.

On the day the case was set for trial, Douglas was permitted, over objection of the other parties, to file an amended answer and a cross-petition against Brinton, in which he alleged that if Motte is entitled to judgment against him, then he is entitled to judgment in the same amount against Brinton.

A jury was empaneled and attorneys for the respective parties made their opening statements. The court thereupon instructed the jury to find a verdict for Motte in the amount of $2,375. The verdict does not state from whom the money shall be recovered, but the judgment directs that it be satisfied out of the $2,500 deposit made by Brinton to Motte.

There is no objection to the practice of giving a directed verdict after the opening statement of counsel, if counsel admits he is unable to prove facts essential to a recovery, or to disprove facts fatal to a recovery. Carter v. Aetna Life Insurance Company, 272 Ky. 392, 114 S.W.2d 496; Tinsley v. Majorana, Ky., 240 S.W.2d 539; Falls City Plumbing Supply Co. v. Jake's Foundry Co., 223 Ky. 420, 3 S.W.2d 1071. But in this case the statements of counsel raised issues of fact which necessitated the introduction of testimony. If Brinton's allegations as to the misrepresentations of Motte are true, then Motte is not entitled to a commission. Kackley v. Webber, 310 Ky. 285, 220 S.W.2d 587, 9 A.L.R.2d 500. On the other hand, Motte did obtain an executed sales agreement from Brinton, which we may assume from the record was accepted by Douglas. In the absence of misrepresentations on his part, this was all he was required to do to earn his commission. The general rule is stated in 8 Am. Jur., Brokers, section 186, page 1099: "It may be generally stated that when a real estate broker procures a purchaser who is accepted by the owner, and a valid contract is drawn up between them, the commission for finding such purchaser is earned, although the purchaser later defaults or refuses to consummate the contract. * * *" Also see Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S.W. 111.

Assuming that Motte is entitled to his commission, the question arises whether it should be paid by Brinton or by Douglas. It will be noted that the only agreement Motte had for payment of a commission was with Douglas. He has no direct cause of action against Brinton. As a practical matter, however, if Motte is entitled to recover against Douglas, and Douglas is entitled to recovery in the same amount against Brinton, we see no reason why the judgment should not direct recovery by Motte directly against Brinton and subject the $2,500 deposit to payment of the judgment.

The sales agreement filed by Brinton provides: " * * * a deposit of $2,500.00 cash is given herewith by the buyer, to R. S. Motte, Agent, to apply on purchase price upon passing of Bill of Sale, or forfeited should the buyer fail to complete the deal after this offer is accepted by the seller, or returned to the buyer should the seller reject this offer." If Brinton's failure to purchase the property was due to his inability to raise the money, as claimed by Douglas, then the $2,500 was forfeited and should be applied to payment of Motte's commission, if he is entitled to a commission. But if Douglas agreed to a rescission of the contract and a return of the deposit, then, of course, Douglas should pay Motte's commission, if the jury finds he is entitled to same.

On another trial the court will permit the introduction of testimony on the issues raised by the pleadings and statements of the attorneys, and, if the evidence is sufficient, those issues will be submitted to the jury under appropriate instructions.

The judgment is reversed for proceedings consistent with this opinion.