## Marshall v. City of Newport.

(Decided October 26, 1923.)

### Appeal from Campbell Circuit Court.

1. Criminal Law—Evidence Gained by Search With Consent Competent—Officers who were admitted into a house with the Consent of the occupant thereof could testify as to what they saw there, though they had no search warrant.
2. Disorderly House—Competent to Prove General Reputation of Inmates.—In a prosecution for maintaining a house of ill fame, it is competent to prove the general reputation of the inmates.
3. Disorderly House—Reputation of House Admissible.—In a prosecution for maintaining a house of ill fame, it is not error to admit proof of the reputation of the house.
4. Disorderly House—Evidence Held to Make Question for Jury and Warrant Conviction for Maintaining.—In a prosecution for running a house of prostitution, evidence held sufficient to take the case to the jury, and warrant a conviction.

HOWARD M. BENTON for appellant.

THOS. B. McGREGOR, Attorney General, and L. S. SHEPLER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Delores Marshall was convicted in the police court of the city of Newport on a charge of running a house of prostitution. She appealed from the judgment to the Campbell circuit court, where she was again convicted and fined $100.00 and sentenced to serve thirty days in jail. From the latter judgment she appeals, insisting that the court erred in admitting incompetent testimony, and also in refusing to instruct the jury to find her not guilty.

Part of the testimony complained of consists of that given by police officers of the city who visited appellant's house on January 7, 1923, entered it, and discovered evidence indicating that it had been and was then used as a house of prostitution.

It is contended that these witnesses should not have been permitted to testify to what they discovered in the house because the investigation conducted by them was without warrant or authority of law. The officers had no search warrant, and admittedly no offense was committed in their presence, but their evidence shows, and it is not contradicted by appellant, that the entry into and examination of the house was with the consent of appellant. In these circumstances the testimony was competent. Comth. v. Meiner, 196 Ky. 840.

It is further insisted for appellant that it was error to permit the city to prove the character and reputation of the two girls who were found in the house, and also error to prove the reputation of the place itself. As to the first of these points there is little conflict in the authorities, the general rule being that in a prosecution for maintaining a house of ill-fame it is competent to prove the general reputation of the inmates. On the second there are divergent views, but in this state such evidence is held admissible. King v. Comth., 154 Ky. 829. So neither of these contentions can be sustained.

Finally it is argued that an instruction directing an acquittal should have been given because there was no evidence tending to show that appellant was running a house of prostitution on Janury 7th, 1923, the day on which the offense is charged to have been committed. We are unable to adopt this view of the evidence, for in addition to the proven reputation of the house, which it may be conceded would not alone warrant a conviction, it was shown that at the time the house was entered by the police it was occupied by two women of ill-repute, and also by a man. Besides, there were other evidences discovered by the officers indicating that the house had been used for the purpose of prostitution by the inmates then in it. This was sufficient to submit the case to the jury and to warrant a conviction.

The judgment is affirmed.