## Kohler v. Bernheim.

(Decided October 28, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Brokers—Burden on Broker Suing for Commissions on Rentals to Establish that he had Not Been Fully Paid.—In action by agent handling defendant's rental property to recover commissions on leases in force at time of his discharge, burden of proof was on plaintiff to show that he had not been fully paid for services rendered.

2. Brokers—Burden Held Upon Broker to Show Commissions from Contractors were Retained with Defendant Property Owner's Consent.—In action by broker to recover for services rendered in renting property, where defendant counterclaimed for money paid plaintiff by contractors, burden was upon plaintiff to establish knowledge and consent of defendant.

3. Appeal and Error—Judgment of Court Accorded Same Weight as Verdict of Jury.—Where both law and facts are submitted to trial judge, his judgment upon appeal will be accorded same weight as verdict of properly instructed jury.

4. Brokers—Verdict for Defendant in Action by Broker for Commissions Held Supported by Evidence.—In action by broker for com-

missions earned while caring for rental property, finding against plaintiff on his claim and in favor of defendant on counterclaim for commissions paid plaintiff by repairing contractors held sustained by evidence.

LAWRENCE S. LEOPOLD and EDWARDS, OGDEN & PEAK for appellant.

B. F. WASHER and SELLIGMAN & SELLIGMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The appellant, M. S. Kohler, is a real estate dealer in the city of Louisville, Kentucky. From September, 1915, until May 1, 1920, he was employed by appellee, Bernard Bernheim, to handle certain business and tenement property in the city of Louisville, it being his duty to procure tenants, employ and pay janitors, watchmen and elevator men, to answer complaints of tenants, to purchase supplies, to keep the buildings in repair and to collect the rents on same and to account to appellee at stated times. The contract was never reduced to writing and they differ as to what it was in both the pleadings and the proof in this record. Appellant contends that the percentage of the rents collected by him, which was paid to him paid him only for his services in collecting the rents up to May 1, 1920, the date when they severed the business connection. He claims that at that time there was in force for the benefit of appellee a great many leases running through terms of years that had been procured by him for appellee; that he and appellee had not contracted with reference to that question; that when appellee discharged him on May 1, 1920, he kept the tenants procured by him and enjoyed and would enjoy to the end of their terms the rentals paid and to be paid to him by such tenants; and that thereby impliedly he agreed to pay him the reasonable value of same. He alleged that 3% commission on the total amount of the unexpired rentals is the reasonable value of his services to appellee in that particular and that such commission amounts to $1,420.89. By his petition herein he sought to recover that sum from appellee.

Appellee denied liability for the amount claimed by appellant or any of it and contended that the contract between him and appellant was complete and that the percentage of the rentals collected by appellant which he paid him during the time he was in charge of the prop-

erty paid him in full for all services rendered. By way of counterclaim appellee sought to recover from appellant certain sums of money which he alleged had been paid to appellant while acting as his agent by contractors who had made repairs on his property by way of commissions for procuring the business for them. Appellant denied liability in that particular by claiming that such commissions were collected and retained by him with the knowledge of appellee and under agreement that they should be kept by him as part pay for his services rendered to appellee. When tried in the court below, by agreement of the parties, both the law and the facts were submitted to and tried by the court. By judgment the court dismissed appellant's petition, and on appellee's counterclaim gave him a judgment for $291.05. This appeal is prosecuted from that judgment.

It thus appears that two simple issues of fact were to be determined as the case was tried below. First, what was the contract between the parties with reference to the services performed by appellant for appellee? and, second, was the commission paid to appellant by the contractors who repaired appellee's buildings while appellant was his agent paid to him with appellee's knowledge and pursuant to the contract between them that he might hold such commissions as part pay for his services?

On these two issues only two witnesses testified. Appellant testified for himself and appellee testified for himself. Appellant by his testimony sustained his contention as to what the contract was and as to his right to hold the commissions collected by him from the contractors. On the other hand, appellee sustained his contention as to what the contract was and his contention that appellant while acting as his agent, without his knowledge or consent, and without his agreement, accepted from contractors who repaired his buildings a commission of 10% on all work done for him and did not account to him for same. The court below properly held the burden of proof to be upon appellant to establish that he had not been fully paid for all the services rendered by him to appellee, and in view of the fact that appellant by his testimony admitted that while acting as the agent of appellee he had collected $291.05 commissions from contractors who had repaired appellee's buildings, owing to the fiduciary relation existing between the parties, the court below also properly held the burden to be upon ap-

pellant to establish that he collected and retained the commissions with the knowledge and consent of appellee. We have often written that where both the law and facts are submitted to the trial judge his judgment upon appeal will be accorded the same weight as the verdict of a properly instructed jury. Since on the issues made between the parties only a single witness testified for appellant and only a single witness testified for appellee, if the issues of fact had been submitted to a jury under proper instructions and the jury had rendered a verdict in this case finding against appellant on his petition and in favor of appellee on his counterclaim, we do not see how we could say that such verdict would have been against the weight of the evidence at all, much less flagrantly so. In view of the burden upon appellant to establish the allegations of his petition and in view of the burden upon him, under the fiduciary relation existing between him and appellee, to establish by clear and convincing proof his right to the 10% commission collected by him from contractors who under his employment repaired appellee's buildings, we can not see how any other conclusion could have been reached by the trial court in determining the issues between the parties.

The judgment is affirmed.