## Castleman v. Continental Car Company.

### Decided January 27, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Appeal and Error—Opinion on Prior Appeal is Law of Case on Subsequent Appeal.—Opinion on prior appeal, holding that a question is purely a common-law question, possessing no equitable features, and triable exclusively by a jury, is law of case on subsequent appeal.

2. Appeal and Error—Judgment of Trial Court After Waiver of Jury Accorded Same Weight as Verdict of Properly Instructed Jury.—

When a jury has been waived, and both the law and facts have been submitted to the trial court, its judgment will be accorded the same weight as the verdict of a properly instructed jury.

3. Appeal and Error—Question Must be Submitted to Jury on Second Trial Uunder Same Instructions, where Not Held Erroneous on Former Appeal.—Where instructions given to jury on first trial were not held erroneous on former appeal, court on subsequent trial must submit question to jury under same instructions.

DAVID R. CASTLEMAN, SHACKELFORD MILLER and JOHN D. CARROLL for appellant.

E. P. HUMPHREY and HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This is the second appeal of this case, the opinion on the former appeal being found in 201 Ky. 770. It is referred to for a statement of the controversy between the parties and the facts with reference thereto. While this lawsuit was brought as an action in equity, as appears from the former opinion, the equitable feature of the case is purely incidental, the vital question being whether or not the contract pleaded by appellant and denied by appellee was made between them. As said in the former opinion:

"Without the attempted assertion of the lien the case was purely a common law one possessing no equitable features and triable exclusively by a jury, and subsection 3 of section 10 of the Civil Code authorized the court to make the transfer on its own motion. Supporting authorities will be found in note 2 to section 12 of the Civil Code, and a late case sustaining the practice is that of Scott v. Kirtley, 166 Ky. 727. We deem it unnecessary to further elaborate the question, since we are convinced that no error was committed in ordering the transfer. That being true, and the issue being a purely legal one, the verdict of the jury will be treated as one in other ordinary jury trials. Hill v. Phillips, 87 Ky. 169; Morawick v. Martineck, 128 Ky. 155.

"The plaintiff, therefore, made motion for a new trial in the common law branch of the court where the jury trial was had, as was his duty to do, in which he asked that the verdict be set aside upon numerous

grounds therein set out. The motion was overruled, and on this appeal the only questions for determination are those raised by it."

As reference to the former opinion will demonstrate, the judgment first entered herein was reversed upon the sole ground that upon the trial of the question of fact before the jury the trial court erroneously excluded certain testimony offered by appellant. No complaint was made of the instructions under which the issue of fact was submitted to the jury, and the case was reversed with direction that a new trial be had in conformity with the opinion. Upon the return of the case the parties agreed that the avowals contained in the former record as to what the witnesses would have stated in response to the questions propounded, to which objections erroneously were sustained by the trial court, might be read as the testimony of the witnesses, that the jury be waived, and that both the law and facts be submitted to the trial judge. Under those agreements the trial judge decided the issues of fact against appellant, and held that the contract alleged by him to have been made was not made and entered a judgment dismissing his petition. This appeal is prosecuted from that judgment.

Appellant's sole ground for a reversal of that judgment is that the finding of the trial court on the issue of fact is not sustained by the evidence. The former opinion is now the law of the case. The question relied upon by appellant on this appeal was expressly held upon the former appeal to be purely a common law one, possessing no equitable features and triable exclusively by a jury. The parties agreed to submit that question to the trial court for decision without the intervention of a jury. Very clearly, then, it falls within the rule so long adhered to by us that the judgment of a trial court, when a jury has been waived and both the law and facts have been submitted to him, will be accorded the same weight as the verdict of a properly instructed jury. Since the instructions given to the jury on the first case were not found to be erroneous upon the former appeal, if the question had again been submitted to a jury, the court below of necessity would have had to submit the question to a second jury under the same instructions, as was here decided in Harcourt & Company v. Redmon, 149 Ky. 612. That was the second appeal of the case. Certain testimony excluded on the first trial was held upon

the appeal to be competent, and appellant upon the second appeal contended that with the evidence in it was entitled to a peremptory instruction. On the question we wrote:

"Indeed, upon this evidence the trial court could not have given such an instruction without disobeying the law, as defined in the opinion, *supra;* and upon the record as presented this court must accept that opinion as the law of the case."

In view of the evidence in the record on the question as to whether or not the appellant and appellee made the contract sued on herein, reviewed in the former opinion, and treating the judgment of the trial court that the contract was not made as the verdict of a properly instructed jury on that question, we can not hold that finding to be flagrantly against the weight of the evidence.

Hence, the judgment will be affirmed.