### French v. Commonwealth.

(Decided November 17, 1925.)

### Appeal from Henderson Circuit Court.

1.  Criminal Law—Trial Court's Findings of Fact on Sufficient Evidence Not Disturbed Unless Palpably Against Weight Thereof.—Where trial judge found that accused gave his consent to search of his premises, his finding was equivalent to verdict, and cannot be disturbed unless flagrantly against weight of evidence.

2.  Criminal Law—Evidence of Officers of what They Found in Searching Accused's Home Held Competent.—If accused consented to search of his home, and officers entering therein found still, evidence by officers at trial of what they found was competent, even though they had no search warrant.

3.  Criminal Law—Intoxicating Liquors—Federal Prohibition Act Not Invoked to Invalidate Evidence Obtained Without Search Warrant.—In view of consent by accused to search of his dwelling, no

search warrant was necessary, and hence National Prohibition Act, title 2, section 25 (Comp. St. Ann. Supp. 1923, section 10138½m), and Supplemental Act, section 6 (Comp. St. Ann. Supp. 1923, sections 10184a, 10196a), providing no search warrant shall issue to search dwelling unless used for unlawful sale, cannot be invoked to invalidate evidence of officers as to what they found during search.

4. Witnesses—Evidence on Direct Examination Held to Warrant Cross-Examination of Accused Tending to Show he had Still in His Basement to Make Whiskey.—In prosecution for manufacturing intoxicating liquors, where accused, on direct examination, tacitly admitted he had a moonshine still in his basement with sour mash, it was proper to cross-examine him as to whether his cellar contained all instrumentalities for manufacture of whiskey which officers who searched his cellar testified they found; it not being such departure on cross-examination as would warrant holding that evidence was incompetent because witness was privileged and would be incriminated by answer.

YEAMAN, PENTECOST & YEAMAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Two grounds are urged by appellant, French for a reversal of the judgment of conviction (1), the trial court admitted incompetent evidence—evidence obtained without a search warrant in violation of section 10 of the Constitution; and (2), the court required appellant on cross-examination, when offering himself as a witness, to give evidence against himself concerning other offenses than that charged in the indictment. These grounds are subdivided by counsel for appellant and argued at great length.

In order that a clear understanding of the situation may be had, we will briefly recite the facts: French was indicted and convicted of the offense of manufacturing intoxicating liquors in violation of law. A short time before the return of the indictment three federal prohibition officers were passing the rural home and premises of appellant, French, when they detected the odor of fermenting mash; they also found a sewer line leading from appellant's house through his lands in the direction of a creek or drain, out of which sewer emanated the odors of mash and from which flowed substances resembling the waste from a moonshine still. The sewer line ex-

tended into the basement of appellant's home. When they went to the home of appellant he and family were absent; the officers then seated themselves in the public road just in front of appellant's home and when he drove up in an automobile with his family, one of the officers approached appellant, stated his name and inquired if that was Mr. French, the owner of the place, and told appellant that the speaker was a federal prohibition officer and wanted to search appellant's house for a moonshine still, having detected the odor of one, and that he had sent to the city of Henderson for a search warrant for the premises; the officer also exhibited his badge showing he was a federal prohibition officer. Appellant and his family remained in the automobile for a short time, the officer retiring to a seat not far away. Shortly thereafter appellant left the automobile and approaching the officers said, in substance, so the officer testified: "You will find the still all right, and if you are going to search you just as well go ahead without waiting for the search warrant," and suiting his actions to his words, led the officers into his yard and to the front door where appellant's wife, or a member of his family, unlocked the door and let in the officers.

Appellant and his witnesses gave a different version of what took place immediately before the officers entered the home. They say appellant disputed the officer's right to search the premises and did not consent for him to search without a search warrant; that the officers entered and searched without permission. This was a question of fact. There was evidence given by the officers to prove that appellant gave his consent to the search of the premises for the moonshine still, and there was evidence for appellant to the contrary. Both the law and facts were submitted to the court. Upon these facts the court found that appellant gave his consent. His finding, as we have often ruled, is equivalent to a verdict of a properly instructed jury and cannot be disturbed unless palpably and flagrantly against the weight of the evidence. Castleman v. Continental Car Co., 207 Ky. 209; Kohler v. Bernheim, 205 Ky. 294.

If, as contended by Commonwealth, appellant gave his consent to the search of his home for the moonshine still, and in pursuance to that consent the officers entered into his residence, and, searching it, found a complete moonshine still in the basement with barrels of mash and

other incidents, including a quantity of moonshine whiskey, the evidence given by the officers at the trial of what they found under such circumstances was competent even though they had no search warrant. We have so held in Marshall v. City of Newport, 200 Ky. 663; Commonwealth v. Meiner, 196 Ky. 840, and Richardson v. Commonwealth, 205 Ky. 434.

It is contended, however, that under the federal law by which these officers claim authority, no search warrant shall issue to search a dwelling unless used for the unlawful sale of intoxicating liquor, and they cite section 25 of the National Prohibition Act, and section 6 of the supplemental act, in support of this contention. In view of the holding of the lower court upon the facts that appellant consented to the search of his dwelling house, no search warrant was necessary, and, indeed, none was produced or used in making the search, hence this section of the Federal Prohibition Act cannot be invoked by appellant to invalidate the evidence. Of course, the rule would be different if federal officers with a search warrant, invalid under the federal law, should search the dwelling house of an accused, without his consent, but that is not the case we have before us.

(2) Appellant's second contention is as groundless as the first one. We are familiar with the constitutional provision, "Nor shall any person . . . be compelled in any criminal case to be a witness against himself." And we are equally as cognizant of the rule that where a defendant offers himself as a witness in his own behalf and testifies in chief concerning any phase of the charge against himself, he may be cross-examined by the Commonwealth upon that subject. Appellant French testified in his own behalf concerning what took place at the time the officers were found at his place and later searched it. The officers testified as did appellant that appellant requested that the beer slop in the barrels in the basement be not poured out on the floor but that appellant and his son be permitted to carry it out so as not to soil the floor. Concerning this appellant was asked:

"Q. I believe after you got inside you asked him (federal officer) not to pour that mash on the floor? A. Yes, sir; if he would give me time to change my clothes I would carry it out, and he said he would. Q. Did you or not tell him you made any liquor there? A. I did not. Q. Did you tell him the

liquor he found there you had made? A. There was not a thing said about it. Q. Did you tell him you had used that still to manufacture liquor? A. No, sir; I did not. Q. Did you tell him you had ever manufactured whiskey? A. No, sir.''

Here the cross-examination began, and, after proceeding for some time, appellant was asked:

''Q. You say that at that time there had been no conversation between you and Mr. Mastin, an officer, in regard to your carrying the still beer out? A. No, sir. Q. Mr. Mastin went to the cellar, didn't he? A. Yes, sir. Q. Where did you go? A. I went to the cellar steps and asked him if he could give me time to change my clothes and carry that out? Q. How long had he been in the cellar? A. He just went in there; I started down and asked him that question. Q. So you went and changed and helped him carry it out? A. Yes, sir; Mr. McCave (an officer) I think his name is, helped us carry it out. Q. You had in your cellar what Mr. Mastin testified he found in there?''

To that question appellant, by counsel, objected; the court overruled the objection, saying: ''I think this witness may be interrogated on all branches of the case.'' The record shows that thereupon the witness declined to answer the question because the answer would tend to incriminate him, and because he had not been asked in chief about it by his counsel. The court overruled the objection of the witness and his claim of privilege, and the witness finally answered, ''Yes, sir,'' to the question, ''You had in your cellar what Mr. Mastin testified he found in there?'' Mr. Mastin, the federal officer, testified he had found a still, and several barrels of mash in state of fermentation and a quantity of moonshine whiskey and all the usual incidents.

Appellant strenuously insists that this evidence given by appellant on cross-examination over his objection, and other evidence tending to show he had a still in his basement and was using it to make whiskey, was improper and highly prejudicial, entitling appellant to a reversal of the judgment. This insistence is based upon the claim that appellant had not been examined in chief by his counsel concerning the branch of the case upon which counsel

for the Commonwealth asked the question to which we have referred. We think the evidence of appellant given in chief warranted the cross-examination which the attorney for the Commonwealth conducted, and of which the appellant now complains. Appellant admits by his answer on direct examination that he asked the officer not to pour the mash on his cellar floor, thus necessarily admitting that there was mash in his basement. He says he asked the officer for the privilege of carrying the mash from the basement to the outside, his answer being, "Yes, sir, if he would give me time to change my clothes I would carry it out, and he said he would." Appellant was also asked about whether he had told the officers he had made liquor and he said he did not, but he was then asked, "Did you tell him the liquor he found you had made?" to which he answered, "There was not a thing said about it," which, in substance, impliedly admitted the officer had found liquor in appellant's basement in connection with the moonshine still. The next question asked by counsel for appellant and the answer given thereto by appellant is a negative pregnant, clearly warranting the conclusion that the officers had found a still in appellant's basement, and that intoxicating liquors had been manufactured upon it, the question being, "Q. Did you tell him (the officer) you had used *that still* to manufacture liquor?" to which he answered, "No, sir, I did not."

A witness who has tacitly admitted he had a moonshine still in his basement with sour mash, may properly be cross-examined, it seems to us, as to whether or not his cellar contained all the instrumentalities for the manufacture of whisky which the officer had testified he had found. There was not such a departure on cross-examination as would warrant the court in holding that the evidence was incompetent because the witness was privileged and would be incriminated by the answer.

The only serious question in the whole case is whether appellant gave the federal officers permission to search his house for a still. On that question two of the officers stated appellant gave such permission and they made the search in pursuance to that permission; while appellant and his family testified to the contrary. The trial court found the fact against appellant. If the officer had the consent of appellant to make the search, then the evidence of what they found was competent. Accord-

ing to their evidence, appellant had in his cellar and was operating a complete moonshine still. He does not deny the existence of the still in his cellar, nor that the mash was there, fermenting; nor even that the officers found a moonshine still in his basement, but only their right to search his premises and to give evidence concerning what they found in his basement. We find no merit in either of his contentions.

The judgment is, therefore, affirmed.