## Davis, Director General of Railroads v. McKinley.

(Decided January 22, 1926.)

### Appeal from Taylor Circuit Court.

1. **Appeal and Error—Former Opinion is Law of Case on Second Appeal.**—Where issues on second trial of case were same as those tried and decided in first appeal, former opinion is the law of case on second appeal.

2. Trial—Case is Not Transferred to Equity Docket by Motion to Try Case Without Jury and State Separately Conclusions of Law and Facts.—Where defendant moved court to try case without jury and state separately its conclusions of law and facts, case was not transferred to equity docket, and findings are equivalent to verdict, and cannot be disturbed, unless flagrantly against weight of evidence.

3. Appeal and Error—Cross-Appellant, Asking that Judgment be Affirmed in Part, Estopped to Question Validity of Trial.—On cross-appeal, appellee, by asking that judgment be affirmed on original appeal, and reversed only to extent of failure of court to award plaintiff sum asked, is estopped to complain that court was without power to try case without jury.

ASHBY M. WARREN, WOODWARD, WARFIELD & DAWSON and W. C. McCORD for appellant.

THOMAS C. MAPOTHER and J. T. MOSS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming on original and cross appeals.

This is the second appeal of this case. The opinion on the first appeal may be found in 200 Ky. 699, 255 S. W. 523. On that appeal the case was reversed on account of the excessiveness of the damages awarded, and also on account of the error in measuring certain items of that damage. On the return of the case to the circuit court the appellee, plaintiff below, amended his petition, setting up increases in the items of the damage claimed. The case went to trial on essentially the same issues as were presented in the first trial. After the evidence had been heard, but before the court had instructed the jury, the appellant "moved the court to try the case without the intervention of the jury," to which motion the appellee objected. The judgment recites that, as it appeared to the court that the facts of the case as detailed to the jury were so many and complicated, that it rendered it impractical for a jury to intelligently try the case, the appellee's objections were overruled, the appellant's motion sustained and the jury discharged. The appellant then moved the court in rendering the judgment to state in writing the conclusion of facts found separate from the conclusions of law, which motion the court also sustained. The court thereupon entered its findings of law and fact and awarded the appellee a judgment of $5,000.00, with interest from July 1, 1919, until paid.

From this judgment the appellant has appealed and the appellee has cross-appealed.

As stated, the issues tried on this second trial were essentially the same as those tried and decided in the first appeal of this case. In that opinion, all of the present contentions of appellant with reference to its duty to furnish the cars in question and with reference to the effect of the qualifying conditions or rules in its tariffs were considered and disallowed. Under the well settled rule in this state, that former opinion is the law of the case on this second appeal. The only ground of appellant for reversal then open for review on this appeal is whether or not the amount of the damages awarded is against the evidence, and excessive. Preliminary to its discussion of this proposition, the appellant argues that as this suit was transferred to equity, this court, although it must give weight to the findings of fact by the chancellor, yet is not bound by it but will weigh and judge the sufficiency of the testimony for itself. The trouble about this contention of appellant is that this case was never transferred from the ordinary to the equity docket nor did the appellant ever make such a motion. The case was tried throughout as an ordinary action. The record recites that the defendant (appellant) moved the court to try the case without the intervention of a jury, and further moved the court that in rendering judgment it separately state its conclusions of law and facts, both of which motions the court sustained over the appellee's objections. It is thus shown that this case was at appellant's instance tried as an ordinary action without the intervention of a jury. This being true, the findings of facts of the court are equivalent to a verdict of a properly instructed jury and cannot be disturbed unless palpably and flagrantly against the weight of the evidence. Castleman v. Continental Car Co., 207 Ky. 209, 268 S. W. 1100; Kohler v. Bernheim, 205 Ky. 294, 265 S. W. 777; French v. Commonwealth, 211 Ky. 288, 277 S. W. 265. Although there was some contrariety in the evidence, there was abundant testimony to sustain the size of the verdict as found by the trial judge. At least this finding is not palpably or flagrantly against the weight of the evidence, and under the pertinent rule it then cannot be disturbed. The judgment on the original appeal must therefore be affirmed.

Appellee has prosecuted a cross-appeal "from so much of the judgment of the lower court herein as fails to award this appellee the relief prayed for in his petition and amended petition." In his brief appellee says:

"We earnestly urge that so much of the judgment as failed to award plaintiff the sum sued for in his petition be reversed, and that the lower court be directed to re-try and submit this case to a jury on the shipper's entire claim, subject to a credit in the amount of the judgment affirmed on the original appeal herein after same is satisfied."

In support of this cross-appeal the appellee insists that the court was without power to discharge the jury and try the case without it; that this was a common law action tried as such throughout, and that there is no provision in the Code authorizing the court in an ordinary action to determine, without the intervention of a jury, issues of fact concerning which a trial by jury is guaranteed by the Constitution, unless that right be waived by the parties. It will be noted that appellee does not ask that the entire judgment of the lower court be reversed. On the contrary, in so far as the judgment goes, he asks that it be sustained and that on a return to the lower court the case simply be re-tried on the sole issue whether or not he is entitled to any more damages than the $5,000.00 awarded him. Appellee cannot blow both hot and cold. If he is satisfied with the method adopted by the court in trying this case to the extent of the relief awarded him, he must be satisfied with this method throughout. He cannot take advantage of it where beneficial to him and complain of it where hurtful to him. By asking that the judgment be affirmed on the original appeal and be reversed only to the extent indicated on the cross-appeal, he is clearly estopped to complain of the method by which this case was tried, conceding the same to have been error. On the cross-appeal, then, the judgment of the lower court must also be affirmed.

Whole court sitting.