### Falls City Plumbing Supply Company v. Jake's Foundry Company.

(Decided March 6, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Trial.—Where, in seller's action for price defended on ground that materials delivered were inferior, trial court, after hearing statements of counsel as to the evidence, remarked that, if evidence measured up to such statements, he would be compelled to award

judgment for plaintiff, in view of fact that burden was on defendant, and thereupon respective attorneys agreed that their statements might be taken as the evidence and be used as bill of exceptions, whereupon court entered judgment for plaintiff, held, that proceeding was not objectionable as applying novel or unique rule respecting burden of proof or as giving undue weight or significance thereto.

2. Sales.—In seller's action for price of plumbing supplies, evidence held to sustain finding that articles delivered were of quality ordered.

3. Appeal and Error.—Where, on trial of a common-law action, by agreement of parties, a jury is waived, and law and facts are submitted to the court, judgment of court on facts will be treated as verdict of a properly instructed jury, and will not be reversed, unless flagrantly against the evidence.

WALTER S. LAPP for appellant.

GORDON & LAURENT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

In May, 1924, appellee, Jake's Foundry Company, sold and delivered to appellant, Falls City Plumbing Supply Company, a quantity of plumbing supplies. Appellant failed to pay for them and appellee instituted this action to recover $1,144.43, their price. Appellant defended upon the theory that the material delivered was inferior to that purchased, claimed to have been damaged $500 on that account, and sought to recover that sum by way of counterclaim. By agreement of the parties a jury was waived and the law and facts were submitted to the court. The trial below resulted in a judgment for appellee for the full amount sued for and against appellant on its counterclaim. Hence the appeal.

Appellant insists that the trial court announced a unique and unauthorized doctrine to the effect that in a common-law action judgment must go against a party upon whom rests the burden of proof without the court hearing the proof and passing upon its weight. As we understand appellant's argument, it is that the trial court erred in holding that the burden of proof is conclusive of the question presented by this case regardless of the evidence. This court does not read from the record that the trial court so held. The only thing out of the ordinary this court has been able to discover from the record is that the case was tried below in a very informal

manner. The trial took the usual course until the statements had been made by counsel for the respective parties. It was agreed properly that the burden of proof was upon appellant, defendant below. After hearing the statements by counsel as to what the evidence would be to sustain their respective contentions, the trial court remarked from the bench that, if the evidence for each party measured up to the statements made by counsel, in view of the fact that the burden was on defendant, he would be compelled to award a judgment in favor of plaintiff. The record discloses that the attorneys for the respective parties then agreed it would be a waste of time to introduce the evidence and that the statements of counsel might be taken as the evidence of the witnesses for either side and be used as the bill of exceptions for the purpose of an appeal, and the court thereupon entered judgment in favor of appellee for the full amount sued for and against appellant on its counterclaim. The statements made by counsel to the court have been reproduced and approved as the bill of exceptions, and it is not disclosed anywhere that counsel for appellant objected to the failure of the court to hear the witnesses testify in person or offered the witnesses, nor is there any showing that any fact would have been testified to by any witness in addition to the facts shown by the statement of counsel. Though the trial was had in the informal manner indicated, there is no suggestion that the court was not in full possession of all the facts as contended for by either side as fully as if the testimony of the witnesses had been heard. The court does not appear to have applied any novel or unique rule with reference to the burden of proof or to have given undue weight or significance to it. For authority as to weight that may be given to statement of counsel, see Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 26 L. Ed. 539.

Appellant admitted by answer that it bought the plumbing supplies and agreed to pay for them the price alleged in the petition. It sought to be relieved of $500 of such cost upon the theory that the articles delivered were inferior in quality to those purchased. The statement of appellant's counsel as to what the testimony of its witnesses would be on that subject was heard and the statement of appellee's counsel as to what the testimony of its witnesses would be was also heard. All of the correspondence passing between appellant and appellee when the deal was made and for several months following

delivery of the articles involved appears to have been read to the court while the case was being stated and the letters are copied in full in the bill of exceptions. The testimony of the witnesses for appellant, according to statement of its counsel, would have tended to establish that the articles shipped were inferior in quality to the articles ordered. The testimony of the witnesses for appellee would have been that the articles shipped were in quality exactly as ordered. The correspondence between the parties discloses that appellant sought to obtain credit on the bill of supplies purchased because of the fact that the market price thereof declined after the order was given. The shipment was made in May, and no suggestion is to be found in any of the letters written by appellant to appellee that the goods furnished were not in quality as ordered until in October, and then only in very general terms and as an inducement to grant the credit on the account for which appellant had been contending because of the decline in the market.

Waiving entirely the serious question presented in connection with appellant's counterclaim upon the theory that the quality of the goods shipped was inferior to that ordered—that is, that it is not available to appellant because it failed to take seasonable action after discovery, but received and utilized the goods shipped after inspection and every opportunity to inspect the same—the evidence herein appears to this court to sustain the finding of fact by the chancellor that the articles shipped were of the quality ordered. This court's consideration of the evidence leads to the same conclusion reached by the trial court. We have often written that, when, upon the trial of a common-law action, by agreement of the parties, a jury is waived, and the law and facts are submitted to the court, the judgment of the court on the facts will be treated as the verdict of a properly instructed jury, and will not be reversed, unless flagrantly against the evidence. That cannot be said of this case. The informality of the trial was all consented and agreed to, as appears from the record herein, and there is no alternative but to affirm the judgment.

Judgment affirmed.