## Lucas Realty Company v. Franks et ux.

(Decided May 4, 1928.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Brokers.—Broker cannot recover commissions from both parties to transaction in consummation of which he is instrumental, unless they know of and consent to his so acting, either expressly or by necessary implication.

2. Brokers.—In action to recover commissions for negotiating exchange of house for farm, where broker acted as representative for both parties, and evidence showed that owner of house did not know that broker was expecting commission from owner of farm, but did not show that owner of farm knew broker was representative of owner of house, held that broker could not recover commissions from owner of farm, since, in order to recover from both parties, broker must show that he acted with their knowledge and consent.

3. Brokers.—Broker acting for both parties in transaction, seeking to recover commissions from both, has burden of showing that he so acted with their knowledge and consent.

ROUSE & PRICE for appellant.

NORTHCUTT & NORTHCUTT for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The Lucas Realty Company sought a judgment against Robert Franks and his wife for $275 commissions, which were alleged to be due it for negotiating a trade by which a farm belonging to Franks and his wife was exchanged for a house belonging to one Tom Carpenter. The defense was that the Lucas Realty Com-

pany was acting as agent for Carpenter, that Franks and his wife did not know of this, and that the Lucas Realty Company had received from Carpenter a commission of $275. The court instructed the jury to find for the defendants, and that is the alleged error of which the Lucas Realty Company is complaining.

No man can serve two masters. A broker cannot recover commissions from both parties to a transaction, in the consummation of which he is instrumental, unless they know of and consent to his acting for both parties either expressly or by necessary implication. The evidence shows the Lucas Realty Company was representing Carpenter, and had received from him a commission. It shows that Carpenter did not know the Lucas Realty Company was expecting or demanding a commission from Franks. There was no evidence that Franks knew the Lucas Realty Company was representing Carpenter. In order for a broker to recover where he is representing both parties, he must show that it was with their knowledge and consent. In the case of Kohler v. Bernheim, 205 Ky. 294, 265 S. W. 777, Kohler sued Bernheim for commissions. He admitted that he had received commissions from the other party to the contract. The court held the burden was upon Kohler to establish that this was done with the knowledge and consent of Bernheim. That case is directly in point, while the case of Dehoney et al. v. Rowland, 213 Ky. 4, 280 S. W. 132, is not in point, for what we said in that case was that the burden was on the defendant to establish that the broker told them he was not acting as a real estate agent, but as a deacon in the Baptist Church, without the expectation of a commission from them.

As previously stated, the broker may lawfully act for both parties if it is clearly shown that each employer has full knowledge of the circumstances connected with the employment by the other, and has assented to the double agency; but, whenever a broker attempts to justify his conduct by reason of such assent, the burden of proof is upon him to establish it. 4 R. C. L. p. 274. Appellant's motion for an appeal is denied.

The judgment is affirmed.