## People's-Liberty Bank & Trust Co. of Covington v. First Nat. Bank & Trust Co. of Covington.

(Decided Oct. 11, 1932.)

JACKSON & WOODWARD for appellant.

ROUSE & PRICE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

By this appeal the People's-Liberty Bank & Trust Company, of Covington, Ky., is seeking to reverse a judgment against it in favor of the First National Bank & Trust Company, also of Covington, in the sum of $7,842.75.

The circumstances leading up to this litigation as shown by pleadings, stipulations, and proof are substantially these. On May 5, 1930, appellant credited to the account of a person representing himself to be J. Park the sum of $5,200 on a check, which, including the indorsements on the back, is as follows:

"The Daly Lumber Company                No. 23963
            "Wholesale Lumber
"Ninth Floor Enquirer Bldg. Cincinnati, Ohio.
    "Cincinnati, Ohio,             April 3, 1930.
        "Pay to the order of J. Park $5,200.00
            The sum of $5,200.00 Dollars
            "The Daly Lumber Company
                "P. F. Reagan, Treasurer.
    "To the First National Bank & Trust Co.
                    Covington, Ky.
"Endorsement: J. Park
"People's-Liberty Bank & Trust Co.
"Covington, Ky.                    Paid May 5, 1930."

On May 6, 1930, it credited to the account of the same person the sum of $2,300 on a check in all respects similar except as to the amount and number of the check. Before the amount of these checks was credited to the account of J. Park, they were taken by some officer or employee of appellant to appellee, where some inquiry was made. The Daly Lumber Company was a depositor of appellee, and one Joseph Park, whose name appears in the telephone directory of Covington at the address, 901 Western avenue, for about eight years prior to the latter part of 1930, had a savings account with appellant.

On April 22, 1930, a stranger who represented that he was J. Park and gave his address as 901 Western avenue, Covington, Ky., opened a checking account with appellant by depositing the sum of $100. Appellant's officer or employee examined the local telephone directory, and found the name of Jos. Park listed there as living at the address given by the depositor, and on the following day appellant, as was its usual custom, wrote a letter to J. Park at the address given, thanking him for the deposit. No reply to this letter was received by appellant nor was the letter returned. Jos. Park of 901 Western avenue who had a savings account with appellant was not the J. Park who opened this commercial account with the $100 deposit.

On April 28, 1930, and on various days up to and including May 19 following, the person representing himself to be J. Park signed and issued checks aggregating the sum of $7,311.19 which were paid by appellant. All of these checks were payable to "cash," with the exception of one for $9.19 to a hardware company. He then disappeared, and has not been seen or heard from by any of appellant's officers or agents since that date.

After appellant made inquiry about the checks presented to it by the person representing himself to be J. Park, they were in turn presented to appellee for payment, and were paid by it to appellant and charged to the account of the Daly Lumber Company. Appellee balanced the account of the company and sent it the usual balance sheet accompanied by the two checks. On June 5th the latter returned the checks, stating that they were forgeries. Whereupon appellee notified appellant that the checks were forgeries, and demanded a refund of the amount paid to appellant.

The Daly Lumber Company did not deliver either of the checks to the person who presented them to appellant, representing himself to be J. Park, or to any other person, and did not insert or authorize the name of J. Park to be inserted in any of the checks.

By action instituted in the Kenton circuit court, the Daly Lumber Company recovered of appellee the amount of the two checks. Appellee notified appellant in writing of the action and called upon it to defend same, authorizing it to do so in the name of appellee. After judgment was rendered in favor of the Daly Lumber Company for the amount of the two checks with interest from May 8, 1930, and costs of the action, appellee notified appellant in writing that judgment had been rendered and no appeal would be prosecuted, unless appellant desired to supersede and prosecute an appeal which it was authorized to do if it so desired. Upon the refusal of appellant to pay the amount of the judgment after demand was made by appellee, this action was instituted, with the result indicated. The record in the action of the Daly Lumber Company against appellee was made a part of the record in this case.

There is a conflict in evidence as to the inquiry made and the information given when appellant first presented the checks to appellee. Mr. Lee, vice president and trust officer of appellee, testified that on or about May 8, 1930, Mr. Clifford Homan of appellant bank brought the $5,200 check to him, and stated that, since it was a rather large amount, he wanted to know if the Daly Lumber Company was good for it. He stated that he went back to the books and ascertained that the company had more than that amount to its credit, and so reported to Mr. Homan, who thereupon took the check back with him. Thereafter, when the $2,300 check was brought over by Mr. Homan, the same inquiry was made and the same information given.

Mr. Homan testified that, when J. Park came in with the $5,200 check, he said he did not care to draw against the account for a day or so until the bank was sure the check was good, and it was not placed to the credit of Park until he made a special trip to ascertain whether the check was good; that he presented the check to Mr. Lee, stating that the man depositing it was a new customer and that he would not pay the check until it was O. K.'d by appellee; that Mr. Lee took the

check and came back, saying it was good. He then returned with the check and put it through the regular course of clearing. He also stated that he took the $2,300 check to Mr. Lee and made the same inquiry and received the same information with respect to it, whereupon it was also put through the regular course of clearing.

In their brief, counsel for appellant very frankly concede that, if appellant had simply presented the checks to appellee through the usual course or channel of business with its indorsement on the back of the checks, it would be liable to appellee, and as a basis for this admission they cite Louisa National Bank v. National Bank of Ky., 239 Ky. 302, 311, 39 S. W. (2d) 497, Farmers' National Bank of Augusta v. Farmers' & Traders' Bank of Maysville, 159 Ky. 141, 166 S. W. 986, L. R. A. 1915A, 77. But they insist that under the case of the Louisa National Bank, supra, and the case of the Deposit Bank of Georgetown v. Fayette National Bank, 90 Ky. 10, 13 S. W. 339, 11 Ky. Law Rep. 803, 7 L. R. A. 849, if appellant and appellee were equally negligent, then the latter is not entitled to recover, and they correctly conclude that the sole question presented is what occasioned the loss; that is, whether it was occasioned by the negligence of appellant or by the negligence of appellee.

Under the stipulation of facts and the evidence of Mr. Lee, it is clearly made to appear that appellant used no diligence whatever to ascertain the identity of the person who represented himself to be J. Park and who indorsed the checks as such and made no inquiry except whether or not a check for the amount specified against the Daly Lumber Company was good. And appellee, without notice of any infirmity in the instruments, accepted and paid the checks. In such circumstances it would be entitled to recover the sum so paid. Citizens' Union National Bank v. Terrell et al., 244 Ky. 16, 50 S. W. (2d) 60; Farmers' National Bank of Augusta v. Farmers' & Traders' Bank of Maysville, supra.

It is earnestly argued by counsel for appellant that, when the checks were presented to appellee, it was its duty to ascertain whether the checks were valid, and its failure to do so took away from appellant the burden of

identifying its own customer. So far as the record discloses, appellee's officers or agents could not have determined whether the name of J. Park inserted as payee in the check and indorsed on the back thereof was a forgery. At most, they could only have determined by an examination of the checks whether the signature of its customer, the Daly Lumber Company, was genuine. No issue was made by the pleadings in this case with respect to the genuineness of the signature of the Daly Lumber Company. The only issue was whether the name of J. Park appearing in the check as payee and indorsed on the back thereof is a forgery. But, even if an issue had been made as to the genuineness of the signature of the drawer of the checks, appellant admits that, under appellee's theory of the case, the judgment is correct.

The contention of counsel that appellant was relieved of any liability because of negligence or lack of due diligence upon part of appellee must necessarily rest upon the evidence of Mr. Homan as to what transpired when he went to officers of appellee to make inquiry about the checks. Granting that his evidence standing alone would be sufficient to establish such negligence upon part of officers of appellee, all his statements upon which the contention is based are contradicted by evidence of Mr. Lee.

The trial court, who heard these witnesses testify, determined the issue against appellant. It is a rule of universal application in this jurisdiction that, where the law and facts in an ordinary action are by agreement submitted to the court without intervention of a jury, the judgment of the court will have the same effect as the verdict of a properly instructed jury, Kohler v. Bernheim, 205 Ky. 294, 265 S. W. 777, Oliver v. Clark, 209 Ky. 519, 273 S. W. 46, Castleman v. Continental Car Co., 207 Ky. 209, 268 S. W. 1100, and will not be reversed unless found to be flagrantly against the evidence, Falls City Plumbing Supply Co. v. Jake's Foundry Co., 223 Ky. 420, 3 S. W. (2d) 1071.

The evidence being amply sufficient to support the lower court's finding, the judgment is affirmed.