## Life & Casualty Co. of Tennessee v. Farthing.

(Decided Oct. 15, 1935.)

L. B. ALEXANDER for appellant.

C. C. GRASSHAM and ROY GARRISON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a review of a trial of a common-law action by the court without the intervention of a jury. The Life & Casualty Insurance Company of Tennessee, for a paid weekly premium of 5 cents, issued

a policy to Jim Bennett, insuring his life for $1,000, designating Willie Farthing as beneficiary.

The policy contains this provision:

"The Life & Casualty Insurance Company of Tennessee hereby insures the person named in said schedule against the result of bodily injuries received during the time this policy is in force, and effected solely by external, violent and accidental means strictly in the manner hereafter stated, subject to all the provisions and limitations hereinafter contained, as follows: If the insured shall be struck by actually coming in physical contact with the vehicle itself and not by coming in contact with some object loaded on or attached thereto, or some object struck and propelled against the person by said vehicle, which is being propelled by steam, cable, electricity, naptha, gasoline, horse, compressed air or liquid power, while the insured is walking or standing on a public highway, or be struck by an vehicle named above while riding a bicycle on a public highway, which term, Public Highway, as used in this policy, shall not be construed to include any portion of railroad or interurban railway yards, station ground or right of way, except where crossed by a public thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic, and shall not include any Public Highway which although dedicated to the public has not in fact been officially opened to the public generally for vehicular traffic."

A decision of this case calls for an interpretation of this provision in the light of the developed facts.

On the 30th day of June, 1934, while the policy was in full force and effect, Jim Bennett sustained an injury from contact with an automobile which was being operated on an alley in the city of Paducah. The injury resulted in his death. This action was brought by the beneficiary against the insurance company to recover on the policy. She alleges that while standing on a public highway Bennett was struck and injured by an automobile and that his death was "effected solely by external, violent and accidental means by coming into contact with the vehicle itself."

The evidence of the parties was directed solely to

the time, place, and manner of his being struck by an automobile, and whether he was struck by it at all.

At the time he sustained his injury, "Hop's Restaurant" was located on North Seventh street, an alley between Harris and Boyd streets. Residences were, also, located on this alley. It was graveled and used generally by the public for vehicular traffic. It is a block from the railroad, but not connected with the railroad or any portion of the railroad yard. It was dedicated. to the city of Paducah and is shown on the plat of the city as an alley connecting Harris and Boyd.

The evidence in behalf of the beneficiary substantially is that a few moments before he sustaned his injury he was sitting on a bench on the side of the alley opposite "Hop's Restaurant." Frank Boyd, the operator of a taxi, stopped his car in front of "Hop's Restaurant," between Bennett and the restaurant, for the purpose of receiving a passenger. Bennett walked to the car, placed one foot on the fender, and asked Boyd for a dime; the passenger approached the car from "Hop's Restaurant" and entered it; Boyd suddenly started the car at a rapid rate of speed. The movement of the car threw Bennett, and as the rear fender passed his person, it struck him about or on the right hip, bruising it and completely fracturing the neck of the right femur; he fell to the ground. He was assisted into "Hop's Restaurant" where he remained that night. Within a short time thereafter he was taken to the hospital where he died. The immediate cause of his death was pneumonia, superinduced by the injury sustained at the time he was struck by the automobile. The physicians agree that the initial cause of his death was the injury to his hip. Two or more witnesses of the insurance company depose they were present and that Bennett was drunk, sitting on a bench, fell off of it, and was picked up thereat and carried into "Hop's Restaurant"; that he did not approach Boyd's car; was not near enough to it to be struck by it, and he was not struck by it. Also, that certain of the beneficiary's witnesses were not present at the time.

To corroborate this, the insurance company introduced statements of Bennett to other witnesses as to how he had sustained the injury to his hip. A number of witnesses testified relative to the manner and form in which the beneficiary furnished the proof of the

death of Bennett. Without reiterating the evidence respecting the furnishing of the proof of his death, it is sufficient to say that it shows that the beneficiary substantially complied with the requirement of the policy in this respect.

The insurance company argues that the evidence in its behalf as to how Bennett was injured is more worthy and entitled to greater weight than that of the beneficiary, and, when so considered, the beneficiary failed to establish that Bennett's injury was the result of ''accidental means,'' as this term is used in the policy. The insurance company also contends that Bennett was not, at the time he was injured, standing in the public highway, and that the effect of the testimony of the beneficiary's witnesses is that ''he was on the running board of the automobile rather than on the highway.''

Considering these questions inversely, as to whether he was standing in a public highway, if the testimony of the witnesses of the beneficiary is accepted as it was by the trial court, as the correct version of the happening of the accident, and also the plat of the city, and the testimony of the officials in regard to the alley being a public highway, there is scarcely room for debate or difference of opinion.

The credibility of the witnesses and the weight to be given their testimony were within the province of the trial judge. It is a familiar rule that his finding of facts must be considered as a verdict of a properly instructed jury, and unless palpably against the weight of the evidence, his finding, if supported by substantial, competent evidence, must be upheld by this court. Hurt et al. v. Bank of Commerce, et al., 235 Ky. 795, 32 S. W. (2d) 346; People's Liberty Bank & Trust Co. of Covington v. First National Bank & Trust Co. of Covington, 245 Ky. 252, 53 S. W. (2d) 536; Thomas et al. v. City of Horse Cave et al., 249 Ky. 713, 61 S. W. (2d) 601.

The finding of the trial judge was that the injury sustained by Bennett was the result of ''accidental means,'' as this term is used in the policy.

In National Life & Accident Ins. Co. v. Drucilla Jones, decided September 24, 1935, 260 Ky. 404, 86 S. W. (2d) 139, the words ''accident'' and ''accidental means'' are defined and were applied to a life policy,

wherein the term "accidental means" was used as it appears in the present policy. It is entirely unnecessary to reiterate here our definitions of these terms and the rule for applying them. The interested reader is referred to that case for our most recent definitions of these terms.

Aside from this, the finding of the facts by the trial court, that Bennett's injury "resulted solely from external, violent, and accidental means," being sustained by competent, relevant evidence, and applying the rules stated above, we are precluded from interrupting his finding as to this issue.

Wherefore, the judgment is affirmed.