**E. J. PORTER, Appellant,**

v.

**Allan STRIEGLER d/b/a Rural Realty, Appellee.**

No. 4833.

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1976.

John R. Creighton, Mineral Wells, for appellant.

Robert J. Glasgow, Stephenville, for appellee.

McCLOUD, Chief Justice.

Our former opinion and judgment dated January 15, 1976, are hereby withdrawn and the following opinion is substituted therefor.

Plaintiff, Allan Striegler, d/b/a Rural Realty, sued P. R. Brannon and wife, Beth Brannon, (hereafter referred to as Brannon), for a real estate commission.. Plaintiff alleged Brannon sold property directly to E. J. Porter, a purchaser procured by the efforts of plaintiff, for the purpose of depriving plaintiff of his commission. Porter intervened alleging he had agreed to indemnify and hold Brannon harmless from any claim for a real estate commission in connection with the sale. The jury found that Brannon sold the property by the efforts of plaintiff to a person whose name had been registered by plaintiff with Brannon. Judgment was rendered that plaintiff re-

cover from Porter, defendant-intervenor, a real estate commission of $12,500 less $500 theretofore paid by Porter to plaintiff. No judgment was rendered against Brannon.

Porter appeals. We reverse and render.

Plaintiff received a listing agreement on a ranch owned by Brannon. He showed the ranch to Porter. Thereafter, Porter requested plaintiff to present an offer to Brannon. The offer was refused. Porter then started negotiating directly with Brannon. Porter testified plaintiff gave him permission to deal directly with Brannon. This was denied by plaintiff. In any event Porter and Brannon had several discussions about the property. Both plaintiff and Porter testified they discussed a real estate commission. Plaintiff stated Porter told him he thought he could work it out to where he could buy the property, and asked plaintiff if he would take $500 or a $1,000 for his commission. Plaintiff testified he told Porter he did not know if he would accept such commission. Porter testified plaintiff agreed to accept $500 in cash for his commission.

On September 4, 1973, Porter came to plaintiff's office and gave him $500 in cash. Plaintiff stated that nothing was said about the Brannon ranch at that time. Porter testified that when he handed the money to plaintiff he said "Allan, here is your money on the Brannon deal" and plaintiff replied "Thank you." Plaintiff took the $500 to his attorney's office the next day where it was deposited in an escrow account. It can be inferred from the evidence that Porter and Brannon on September 5, 1973, entered into a contract of sale which included a provision that Porter would pay all real estate commissions in connection with the sale and would indemnify and hold Brannon harmless from any claim for a real estate commission.

The sale was concluded on October 25, 1973. On December 7, 1973, demand was made of Brannon by plaintiff, through his attorney, for a $12,500 real estate commission.

The jury found that plaintiff was paid a real estate commission by Porter; that plaintiff demanded a real estate commission from Brannon; that plaintiff failed to disclose to Brannon he had been paid a real estate commission by Porter; and, the $500 paid plaintiff by Porter was not in full satisfaction of any real estate commission that might be due from Brannon. Porter contends such findings entitle him to judgment. We agree.

■ A real estate agent is not entitled to receive a commission from both the seller and purchaser without the full knowledge and consent of both parties. The receipt of a commission from both seller and purchaser is analogous to representation of both parties by the agent.

The court in *Armstrong v. O'Brien*, 83 Tex. 635, 19 S.W. 268 (1892), said:

". . . It is well settled that a person cannot act in the capacity of agent for both the buyer and seller, and receive commissions from both; and from principles of public policy such an agent would not be allowed to recover compensation from either party, unless he should so act with the full knowledge and consent of both principals; and about this exception there is a conflict of authority. It makes no difference that the principal was not in fact injured, or that the agent intended no wrong, or that the other party acted in good faith."

12 C.J.S. Brokers § 74, states:

". . . Where, however, the broker is employed as the agent of either party, so that that party relies on him to secure the best bargain possible, then the general rule forbidding a secret double employment applies, supra § 43, and the broker cannot recover commissions from both parties to the transaction, unless they have knowledge that he is acting for both and consent thereto either expressly or impliedly."

See also: *Moore v. Kelley*, 162 S.W. 1034 (Tex.Civ.App.—Amarillo 1914, writ ref.);

*Harrington v. Thomas*, 1 S.W.2d 453 (Tex. Civ.App.—El Paso 1927, no writ); *J. C. Penny Co. v. Grist*, 13 S.W.2d 936 (Tex.Civ. App.—Beaumont 1929, writ ref.); 9 Tex. Jur.2d, Brokers, § 19; and 12 Am.Jur.2d, Brokers, § 170.

The public policy of this State is expressed in The Real Estate License Act, Article 6573a, Sec. 16(c)(4), Tex.Rev.Civ. Stat.Ann., which provides:

> "The Commission . . . shall have the power to suspend or revoke any license . . . when it has been determined that: . . . the licensee has been guilty of: . . . receiving compensation from more than one party, except with the full knowledge and consent of all parties . . ."

■ Plaintiff sought in the instant suit a real estate commission from the seller on his listing agreement. The jury found that plaintiff received a real estate commission from the purchaser. The purchaser, Porter, would be liable under his indemnity agreement only if the seller, Brannon, were liable for the commission.

We think the jury finding that plaintiff failed to disclose to Brannon that he had been paid a real estate commission by Porter is an immaterial issue and not a controlling issue. However, since the jury found that plaintiff had been paid a real estate commission by the purchaser, the seller would be liable only if the seller and purchaser, with full knowledge, consented for plaintiff to receive a commission from both parties. In order for plaintiff to recover, he had the burden of establishing that both parties consented with full knowledge. 12 C.J.S. Brokers § 111, pp. 261–262; 12 Am. Jur.2d, § 250, p. 991; *Lucas Realty Co. v. Franks*, 224 Ky. 343, 6 S.W.2d 273 (1928).

Plaintiff neither requested nor obtained a jury finding regarding full knowledge and consent of purchaser and seller for plaintiff to receive a commission from both. Plaintiff waived this independent ground of recovery. Rule 279, T.R.C.P.; *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940).

The judgment of the trial court is reversed and rendered.